# SC DOCKET SHEET
## CASE NO. PM-2022-06087

| | | |
|---|---|---|
| R Francis DiPrete<br>v. Selene Finance, LP et al. | §<br>§<br>§<br>§<br>§ | Location: **Providence/Bristol County Superior Court**<br>Filed on: **10/20/2022**<br>US District Court Case Number: **1:22-cv-00408** |

---

### CASE INFORMATION

**Statistical Closures**
11/10/2022    Closed-Non-Trial-Unassigned-Remanded to District Court

Case Type: **Foreclosure - 34-27-1**

Case Status: **11/10/2022   Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number      PM-2022-06087<br>Court      Providence/Bristol County Superior Court<br>Date Assigned      10/20/2022 |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **DiPrete, R Francis** | **Pro Se**<br>4012650310(H) |
| **Defendant** | **Bendett & McHugh, PC** | **CLOUD, ROWDY MICHEAL**<br>*Retained*<br>5089198638(W) |
| | **Selene Finance, LP** | **BOUGHTON, SHANNA M**<br>*Retained*<br>857-453-7151 x000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| | ## EVENTS |
| 11/10/2022 | Closed-Non-Trial-Unassigned-Remanded to District Court |
| 11/10/2022 | Case Removed to US District Court |
| 11/09/2022 | Notice of Removal<br>*Notice of Filing of Removal* |
| 10/25/2022 | Withdrawal of Appearance<br>*Withdrawal of Appearance for Selene Finance, LP ONLY* |
| 10/24/2022 | Entry of Appearance<br>*Notice of Appearance - Marisa K. Roman* |
| 10/24/2022 | Entry of Appearance<br>*Notice of Appearance - Shanna M. Boughton* |
| 10/21/2022 | Restraining Order Issued (Judicial Officer: Cruise, Associate Justice David ) |
| 10/21/2022 | Summons |
| 10/20/2022 | Entry of Appearance<br>*Defendants' Entry of Appearance* |
| 10/20/2022 | Complaint Filed |

# SC DOCKET SHEET
## CASE NO. PM-2022-06087

*Motion for Injunctive Relief, Complaint and supporting Memorandum of Law*

## HEARINGS

| | |
|---|---|
| 12/02/2022 | **Preliminary Injunction** (2:00 PM)  (Judicial Officer: Cruise, Associate Justice David ;Location: Licht Courtroom 15) |
| 10/21/2022 | **Hearing on Restraining Order** (2:00 PM)  (Judicial Officer: Cruise, Associate Justice David) ;Location: Licht Courtroom 15)<br>    *Granted* |



# STATE OF RHODE ISLAND
# AND PROVIDENCE PLANTATIONS

## CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

### Case Information

Case Caption: R. Francis DiPrete vs. Selene Finance, LP et al.

Federal Court Case No. 1:22-cv-00408    State Court Case No. PM-2022-06087

### Record Information

Confidential:    Yes ☐    No ☑    Description: _____

Sealed documents:    Yes ☐    No ☑    Description: _____

### Certification

I, Stephen Burke , Clerk of the Rhode Island Superior Court for the County of Providence ☐ do certify that the attached documents are all the documents included in the record in the above referenced case.

Date: Nov/10/2022

Clerk:
/s/ Stephen Burke

Prepared by:
/s/ Victoria Reakes-Higgins

# EXHIBIT A

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1   Filed 11/09/22   Page 1 of 7 PageID #: 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| R. FRANCIS DIPRETE | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. NO.:<br>Removed from Providence/Bristol County<br>State of Rhode Island Superior Court |
| SELENE FINANCE, LP and<br>BENDETT & MCHUGH, P.C., et. al. | ) ) ) | C.A. NO.: PM-2022-06087 |
| Defendants. | ) ) ) | |

## **NOTICE OF REMOVAL**

Defendants, Selene Finance, LP ("Selene") and Bendett & McHugh, P.C. ("Bendett") (collectively, "Defendants"), by and through counsel, and pursuant to 28 U. S. C. §§ 1332, 1441 and 1446, hereby file this notice to remove this matter from Providence/Bristol Superior Court to the U.S. District Court for the District of Rhode Island. In support, Defendants state as follows.

### I.    INTRODUCTION

1.      On October 20, 2022, Plaintiff, R. Francis DiPrete ("Plaintiff"), filed a complaint against Defendants in Providence/Bristol Superior Court. A copy of the complaint is attached hereto as Exhibit 1.

2.      In this lawsuit, Plaintiff asserts that Selene and Bendett failed to comply with Rhode Island's foreclosure law. Plaintiff brings claims for breach of R.I.G.L. § 34-27-3-2; failure to comply with the requirements of a mortgage agreement; failure to honor a loan modification agreement; breach of the covenant of good faith and fair dealing; and unjust enrichment.

3.      Selene and Bendett remove this action on the basis of diversity jurisdiction because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizen between Plaintiff and Defendants.

1

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1   Filed 11/09/22   Page 2 of 7 PageID #: 2

## II.   BACKGROUND

4.      This matter commenced on October 20, 2022, in Providence/Bristol County Superior Court, Docket No. PM-2022-06087 (the "State Court Action").

5.      The events alleged in the complaint stem from Plaintiff's default of his mortgage loan on the property that secured the mortgage located at 255 Ide Road Scituate, Rhode Island 02857 (the "Property").

6.      Selene is the servicer of the mortgage loan. Bendett is a law firm that Selene retained for a foreclosure action as to the Property.

7.      The complaint in the State Court Action purports to assert causes of action for breach of R.I.G.L. § 34-27-3-2 (Count I); failure to comply with the requirements of a mortgage agreement (Count II); failure to honor a loan modification agreement (Count III); breach of the covenant of good faith and fair dealing (Count IV); and unjust enrichment (Count V).

8.      Selene was purportedly served with the complaint and summons on October 24, 2022.

9.      Bendett has yet to be formally served with the complaint and summons.

### III.   Federal Subject Matter Jurisdiction

10.      This court has subject matter jurisdiction under diversity of citizenship and the amount in controversy because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizen between Plaintiff and Defendants. Accordingly, this action may be removed to the Court pursuant to 28 U. S. C. § 1441.

11.      Removal of this case is proper pursuant to 28 U.S.C. § 1332(a), which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]

2

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

*Diversity of Citizenship*

12.     There is complete diversity under 28 U.S.C. § 1332(a).

13.     Plaintiff is a citizen of Rhode Island. See Exhibit 1, at ¶ 1.

14.     Defendant Selene is a corporation organized under the laws of Delaware and has a principal place of business in Texas. See Exhibit 1, at ¶ 2. Therefore, under 28 U.S.C. § 1332(c)(1), Selene is a citizen of Texas for purposes of diversity jurisdiction.

15.     Defendant Bendett is a corporation organized under the laws of Connecticut and has a principal place of business in Connecticut. See Exhibit 1, at ¶ 3. Therefore, under 28 U.S.C. § 1332(c)(1), Bendett is a citizen of Connecticut for purposes of diversity jurisdiction.

16.     Accordingly, Plaintiff and Defendants are citizens of different states for diversity purposes and complete diversity is met pursuant to 28 U.S.C. § 1332(a)(1).

*The Amount in Controversy*

17.     Plaintiff's Complaint seeks equitable relief and requests that "Defendants' foreclosure attempt" be "stay[ed]", that Plaintiff be awarded "[m]oney damages for unfair and deceptive business acts or practices," that Plaintiff be allowed to request "[p]unitive [d]amages, and that the mortgage be voided "in its entirety." See Exhibit 1, at ¶¶ 9(a), 18(b), 18(c), and 23(b).

18.     In determining the amount in controversy, this Court should look to the total amount of monetary relief that Plaintiff seeks to recover, or the financial impact that the relief sought would have on Defendants. See Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004).

19.     When the right of a party to enforce a mortgage loan is at issue, the original principal amount of the mortgage may constitute the amount in controversy for the purposes of

3

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

diversity jurisdiction. See Bedard v. Mortg. Elec. Registration Sys., Inc., 2011 WL 1792738, at *2-3 (D. N.H. May 11, 2011) (collecting cases).

20.     "In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction." Morse v. Residential Credit Solutions, Inc., 2012 WL 458492, at *2 (D. Mass. Feb. 2012).

21.     Plaintiff executed a mortgage on the Property in the amount of $174,000. See Exhibit 1, at ¶ 11.

22.     According to the payoff quote Plaintiff attached as an exhibit to the Complaint, the estimated total payoff of the mortgage is $315,312.23. See Exhibit D to Complaint (Exhibit 1).

23.     Accordingly, the amount in controversy exceeds $75,000 exclusive of interest and costs.

24.     Based on the foregoing, this Court has jurisdiction over this action based upon the diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### IV.     Removal is Procedurally Proper

25.     28 U. S. C. § 1441(a) provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending[.]

26.     Venue for removal is proper in this district and division under 28 U. S. C. § 1441(a) because this district and division embrace the Providence/Bristol County Superior Court, the forum in which the removed State Court Action was pending.

4

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408    Document 1    Filed 11/09/22    Page 5 of 7 PageID #: 5

27.     Pursuant to 28 U. S. C. § 1446(d), a copy of the filing of this Notice of Removal will be promptly filed with the clerk of the court for the Providence/Bristol County Superior Court and served upon Plaintiff. A true copy of such written notice of filing of notice of removal (without exhibits) is attached hereto as Exhibit 2.

28.     The time to remove is triggered by the simultaneous service of the summons and complaint. See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-356 (1999).

29.     Selene was purportedly were served with the complaint and summons on October 24, 2022.

30.     Bendett has yet to be formally served with the complaint and summons; however, counsel for Bendett assents to this removal filing.

31.     Therefore, this notice of removal is timely filed within 30 days of service upon Selene pursuant to the statutory removal period enumerated in 28 U. S. C. § 1446(b).

32.     Within 14 days of the filing of this Notice of Removal, Defendants will file with this Court certified copies of the docket sheet and all documents filed in the state court action pursuant to Local Rule 81.

33.     In filing this notice of removal, Selene and Bendett do not waive—but instead specifically reserve—all defenses, objections, motions, or exceptions available to them under applicable law. In particular, Selene and Bendett expressly reserve the right to move for dismissal pursuant to Fed. R. Civ. P. 12. No statement herein or omission should be deemed to constitute an admission by Selene and Bendett of any allegation set forth in the complaint or the relief sought therein.

5

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1   Filed 11/09/22   Page 6 of 7 PageID #: 6

## V.    CONCLUSION

34.    For the foregoing reasons, Selene and Bendett respectfully request that the above-styled action now pending in the Superior Court of Providence/Bristol County Superior Court Rhode Island be removed to this U.S. District Court for the District of Rhode Island, and that the court assume jurisdiction over all claims in this action granting such further relief the court deems just and proper.

Dated: November 9, 2022

Respectfully submitted,

SELENE FINANCE, LP

By their attorneys,

*/s/ Shanna M. Boughton*
Shanna M. Boughton, #8283
sboughton@mcglinchey.com
Marisa K. Roman, #9496
mroman@mcglinchey.com
MCGLINCHEY STAFFORD, PLLC
10 Dorrance Street, Suite 700
Providence, RI 02903
(857) 453-7156 – Phone
(617) 830-8385 – Fax

BENDETT & MCHUGH, P.C.

By their attorneys,

*/s/ Rowdy M. Cloud*
Rowdy M. Cloud, #9383
rcloud@bmpc-law.com
BENDETT & MCHUGH, P.C.
23 Messenger Street, Second Floor
Plainvillle, MA 02762
(508) 919-8638 – Phone

6

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1   Filed 11/09/22   Page 7 of 7 PageID #: 7

## CERTIFICATE OF SERVICE

I, Shanna M. Boughton, hereby certify that on the 9th day of November, 2022, a copy of this notice was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system and via email.

/s/ Shanna M. Boughton
Shanna M. Boughton

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408    Document 1-1    Filed 11/09/22    Page 1 of 32 PageID #: 8

# EXHIBIT 1

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.
Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 2 of 32 PageID #: 9

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE COUNTY


R. Francis DiPrete,
Plaintiff

         v.

Selene Finance, LP,
Bendett & McHugh, PC, et alia,
Defendants


## COMPLAINT FOR ORDINARY AND EQUITABLE RELIEF


## I. BACKGROUND:

R. Francis DiPrete, Plaintiff, is the mortgagor on a mortgage originated with Bank of America in 2003. Selene Finance, LP is the current loan servicer on this Note for Christiana Trust. Bendett & McHugh are loan collectors and the foreclosure agents for Selene.

The Noteholder, through its agents, Selene et al. have been threatening foreclosure for years and recently, despite well-founded objections made known to Selene by the Plaintiff, has advertised the foreclosure sale. Selene advertised the Plaintiff's property for foreclosure on Thursday October 13, 2022 and has plans to do so on October 20, 2022, and October 27, 2022. The foreclosure date is advertised for November 14, 2022.

The Defendants have failed to comply with the strict provisions of Rhode Island Foreclosure procedures as required. Specifically, the Defendants failed to enter Mediation before commencing foreclosure proceedings as required by § 34-27-3-2. As a result, the Defendants are liable to the Plaintiff for violation of that statute under which Plaintiff may be entitled to a $125,000 offset from the amount alleged owed.

At no time during this dispute did the Plaintiff receive from Selene any Notice in terms remotely similar to those deemed indispensable requirements as articulated by Justice Goldberg in the Woel Decision (*infra*). Defendants' Notice of Foreclosure failed to strictly comply with the provisions of Sections 19 and 22 of the mortgage instruments.

1

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 3 of 32 PageID #: 10

## II. PARTIES, JURISDICTION, VENUE:

1. Plaintiff R. Francis DiPrete is a natural person and domiciliary of 255 Ide Road, Scituate, RI 02857.

2. Defendant Selene Financial, LP, is the designated loan servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust, with an actual mailing address of 9990 Richmond Avenue, Houston, TX 77042 and an address for service in this state c/o the Secretary of State.

3. Defendant Bendett & HcHugh are a Connecticut collection agency and the foreclosure agent/law firm and are the attorneys for Selene and the Mortgagee with an address for service at 270 Farmington Avenue, Ste. 151, Framington, CT 06032. A written request was sent to Bendett & McHugh by the Plaintiff asking whether it was the acting agent for service for Seterus on October 4, 2022; however, no response has been received to that inquiry.

## III. INDIVIDUAL CLAIMS:

### COUNT I:
### FAILURE TO COMPLY WITH FORECLOSURE STATUTE § 34-27-3.2:

4. The prior paragraphs are herein under incorporated.

5. RIGL § 34-27-3.2 requires that the Mortgagee or its agent, prior to initiating foreclosure, must afford the Mortgagor the opportunity to Mediate the dispute. This requirement has not been met by the Mortgagee.

6. The Statute specifically provides that where the loan goes into default after May 16, 2013, mediation is a requirement before further action to foreclose is taken. The date of the so-called "entry into default" in the instant case is undocumented but is believed to be sometime in 2015 or 2016.

7. In the instant case, neither Selene nor Bendett & McHugh nor any servant nor agent of theirs made known to the Mortgagor the requirement to Mediate, nor an opportunity to do so.

8. Failure to offer Mediation renders the foreclosure invalid and the Mortgagee is also subject to penalties up to $125,000 for violation of this statute. Any such penalty proceed would

2

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 4 of 32 PageID #: 11

be an offset to the amount allegedly owed. As such, faced with this violation, the Defendants cannot, as required by law, delineate the amount owed by the Mortgagor with certainty, a prerequisite to noticing foreclosure. [See generally Cesar A. Woel v. Christiana Trust, Trustee, No. 2018-347-Appeal, PM 16-921 (RI 2020)]

9.   The clear intent of RIGL § 34-27-3.2 is to assure that the Mortgagor has the opportunity to challenge the accuracy of the Mortgagee's calculation as well as to raise other arguments against the foreclosure action.

Wherefore, the Plaintiff prays this Court for the following relief:

a)   An immediate Temporary Restraining Order and/or Injunction staying this case at least until Mediation has been completed, and until trial has taken place to determine the propriety of the Defendants' foreclosure attempt.

b)   Imposition of the penalties provided for in RIGL § 34-27-3.2.

c)   Reimbursement of Courts costs, clerk and office expenses.

d)   Such further relief this Court deems fit and appropriate.

## COUNT II:
## FAILURE TO COMPLY WITH PLAINTIFF'S MORTGAGE EXPRESS REQUIREMENTS:

10. Paragraphs 1-9 are herein incorporated by reference.

11. The Plaintiff granted a mortgage on his home to Bank of America on May 1, 2003 to secure a loan of $174,000.

12. Selene Finance is the current servicer of this loan.

13. Paragraph 19 of the Mortgage provides (in part);

(b) *"such other period as Applicable Law might specify for the termination of Borrower's right to reinstate."*

A copy of Paragraph 19 of the Mortgage is attached hereto as Exhibit "A".

14. Paragraph 22 of the Mortgage provides (in part):

" *. . . and the Property shall be sold in the manner prescribed by Applicable Law."*

3

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408    Document 1-1    Filed 11/09/22    Page 5 of 32 PageID #: 12

A copy of Paragraph 22 of the Mortgage is attached hereto as Exhibit "B".

15. At no time did any Defendant nor any of its predecessors in interest, nor any of its present day servants or agents give the Plaintiff a Notice of Default or a Notice of Intent to Accelerate that complied with the requirements of Paragraphs 19 & 22 of the Mortgage.

16. At no time did any Defendant nor any of its predecessors in interest, nor any of its present day servants or agents give the Plaintiff a Notice of his Right to Reinstate after the acceleration.

Wherefore, the Plaintiff moves this Court to Relief as follows:

a) A Temporary Restraining Order and/or Preliminary Injunction until after trial to determine whether or not the instant foreclosure attempt is valid or void.

b) Such further relief as this Court deems proper.

### COUNT III.
### FAILURE TO HONOR LOAN MODIFICATION AGREEMENT:

17. Paragraphs 1-16 are incorporated herein by reference.

18. In September 2021, Plaintiff entered into a Mortgage Modification Agreement with the Defendants. In accordance with that agreement, Plaintiff made three consecutive and timely monthly mortgage payments in the amount of $2,067.94. These payments were made on September 28, 2021, October 28, 2021, and December 3, 2021, and the Plaintiff was in full compliance with his obligations. After these payments were made, for unknown reasons, the Defendants pulled the plug on the agreement without any explanation of statement of a reason for their action. It appears that these payments have not been credited against the monies allegedly owed under the mortgage as recently stated by the Defendants.

Wherefore, Plaintiff moves this Court to award damages and relief as follows:

a) Damages for breach of contract.

b) Money Damages for unfair and deceptive business acts or practices.

c) Allow Plaintiff to make application (via briefing) for Punitive Damages after the

**4**

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 6 of 32 PageID #: 13

liability issue is resolved.

   d)  Any further relief this Court deems proper and just.

## COUNT IV.
## BREACH OF COVENANTS OF GOOD FAITH AND FAIR DEALING

19. Paragraphs 1-18 are hereby incorporated by reference.

20. As the foregoing Paragraphs communicate, throughout their dealing with the Plaintiff, Defendant Selene, a foreign corporation, and Bendett & McHugh, a law firm and debt collector headquartered in the State of Connecticut, have illustrated a callous disregard for a Rhode Island consumer/Mortgagor and a customer of the Defendant lender.

21. Throughout their interaction, Defendants have failed to comply with Rhode Island's requirements of good faith and fair dealing, as indicated in the Pleadings (hereinabove).

22. As recorded in the 2020 case of Woel, supra, the instant Defendant Selene Financial has failed to honor its legal and ethical obligations to this Plaintiff in much the same way as it mistreated Mr. Woel.

23. On the date of August 27, 2021, Plaintiff wrote to Bendett & McHugh asking what Selene claimed was owed under the Mortgage. The response to this inquiry did not arrive until nearly *one year later* (letter dated August 5, 2022). This delay is not consistent with competence, fair dealing nor good faith. [See Exhibits "C" and "D" respectively.]

   Wherefore, Plaintiff moves this Court to award damages and relief as follows:

   a)  Money damages for the many breaches of the covenants herein stated.

   b)  Voiding the mortgage at issue in its entirety.

   c)  Any further relief this Court deems proper and just.

## COUNT V.
## UNJUST ENRICHMENT:

24. Paragraphs 1-23 are hereby incorporated by reference.

5

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 7 of 32 PageID #: 14

25. On information and belief, the Defendant Noteholder obtained his Mortgage through the FED from the loan originator, Bank of America. As a result of the Settlement Agreement that the Government made with Bank of America, each BoA mortgagor was to receive a reduction in principal; however, the Plaintiff has no knowledge of this reduction being applied to his loan. As a consequence, the amount stated as owing by the Defendants is likely erroneous. Moreover, if the principal reduction rightfully due the Plaintiff was not made, that amount is being wrongfully being compounded into the outstanding balance claimed by the Defendants. As stated in Woel, *supra*, the obligations owed to the borrower by the original lender obligate Selene as well.

26. Because the loan was transferred to the Noteholder, whether directly or indirectly, at an extreme discount through government intervention, the Plaintiff is entitled to know what the Defendant Noteholder paid for his Mortgage and the rights thereunder.

27. Persistently and on numerous occasions the Plaintiff has asked the Defendants what was paid for his Mortgage, without success or any response at all.

28. Throughout its ownership of the Mortgage, the Defendant Noteholder has continued to charge the Plaintiff 6.675% interest, even throughout the years when market mortgage interest rates were closer to 3.00%.

29. During Loan Modification discussions the Plaintiff offered a settlement with the Defendant Lender which included a rate reduction. Offers for settlement with the Lender were never responded to by any Defendant.

30. Because the Plaintiff has no information what the present Noteholder paid for his Mortgage, and because the present Noteholder, et al. have refused to furnish this information to him, Plaintiff is unable at this time to fully articulate his claim for Unjust Enrichment. Wherefore, Plaintiff moves this Court to award damages and relief as follows:

a)  That the Defendant Noteholder be ordered to disclose the purchase amount paid for the Plaintiff's Mortgage.

b)  Granting leave to the Plaintiff to amend his Unjust Enrichment Claim as more information becomes available to him.

c)  Any further relief this Court deems proper and just.

6

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 8 of 32 PageID #: 15

Respectfully submitted,

R. Francis DiPrete, pro se
255 Ide Road; Scituate, RI  02857
RI Bar #:  5977

TEL.:          401.265.0310
EMAIL:       rfdlawr@aol.com

## CERTIFICATION:

I hereby certify that on this 21st day of October, 2022, I filed this document and served this Document through the electronic filing system and sent same via US Mail to:

Selene Finance, LP, 9990 Richmond Ave, Houston, TX  77042
www.selenefinance.com

Bendett & McHugh, 270 Farmington Ave., Ste. 151, Farmington, CT 06032

**7**



Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 10/21/22   Page 5 of 8   PageID #: 161

EXHIBIT "A" IN
PLAINTIFF'S COMPLAINT

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

03-04-01-000042

-6A(RI) (0204)                    Page 11 of 15          Initials: ___          Form 3040   1/01

BK234 PG1051



**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the **STATUTORY POWER OF SALE** and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the **STATUTORY POWER OF SALE**, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **No Outstanding Automatic Orders in Domestic Relations Cases.** Borrower hereby represents and warrants to Lender that either (a) there is no outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against any Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation or (b) there is an outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against a Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, and the other party that is subject to such order has consented to, or the court which issued the automatic order has issued another order authorizing, such Borrower's execution of the Note and this Security Instrument.

25. **Homestead Estate.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

03-04-01-000042

Initials: *RfA*

~~6~~ -6A(RI) (0204)   Page 13 of 15   Form 3040  1/01

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 11 of 32 PageID #: 16

*EXHIBIT C IN
PLAINTIFF'S COMPLAINT*

# R. FRANCIS DiPRETE

255 Ide Road                                          (401) 647-3177
Scituate, RI 02857                                    rfdlawr@aol.com

August 27, 2021

Rita Tabraham, Esq.
Bendett & McHugh, PC
270 Farmington Ave., Ste. 151
Farmington, CT 06032

RE:    Your Client:    Selene Finance

Dear Attorney Tabraham,

I am writing in regard to your letter to me of August 17, 2021.

Please be advised that I am in the process of loan modification with Selene directly.  I have agreed to make trial payments beginning today, August 27, 2021 (the payment being due on September 1, 2021).

In the past, on more than one occasion, foreclosure was advertised on my property; however, these attempts to foreclose had to be terminated because the lenders paperwork was incomplete or incorrect prior to the commencement of advertisement.  I mention these events because, I believe that costs for these improper foreclosure attempts were added to my "account" with Selene and should be deducted.

At one time I recall speaking with someone either at Selene Finance or one of its attorneys on this matter.  At that time, it was suggested that I would accept a flat deduction from my account in the amount of $15-25,000 in lieu of my taking action on those inaccuracies and to arrive at a mutually acceptable balance amount.

In the meantime, I have been advised that I should request from Selene what it paid FNMA for my mortgage.  My understanding is that some mortgagors have been granted substantial account balance reductions in order to avoid claims of unjust enrichment against Selene and other similarly situated investors.

I look forward to negotiating a settlement with Selene on these amounts in question.  Because of the plethora of complicated financial and legal documents associated with a loan such as mine, a one-time global discount appears the most efficient means to settle what is owed and agreeing on terms for repayment.  Perhaps we can include an incentive for me to accelerate repayment of the loan principal, once that is agreed upon.

I thank you for your assistance in this matter and eagerly await receipt of the purchase price paid by Selene to become holder of the note, or agent thereof.

Very truly yours,

R. Francis DiPrete

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 12 of 32 PageID #: 19

PROVIDENCE RI 028

27 AUG 2021 PM 5 L

RECEIVED
AUG 3 0 2021
By

Rita Tabraham, Esq.
Bendett & McHugh, PC
270 Farmington Ave., Ste. 151
Farmington, CT 06032

06032-192626

R. Francis DiPrete
255 Ide Road
Scituate, RI 02857

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

# BENDETT & McHUGH, P.C.

## ATTORNEYS AT LAW

August 5, 2022

**VIA CERTIFIED MAIL**

R. Francis Diprete
255 Ide Road
Scituate, RI 02857

Re:    Loan Number XXXXXX8071
       Property Address: 255 Ide Road, Scituate, RI 02857
       BMPC File Number: 5603FC-20212028

Dear R. Francis Diprete:

NOTICE: THE LAW FIRM OF BENDETT AND MCHUGH, PC IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY THAT DISCHARGED THIS DEBT, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF A LIEN AGAINST PROPERTY

Please note that our office is in receipt of your Request for Validation of the Debt dated August 27, 2021. This letter will serve as our client's response to said request. Please note that the **Original Lender** was People's Mortgage Corporation N/k/a NHB Bank, with a mailing address of 7800 East Orchard Road, Suite, 200, Greenwood Village, CO 80111. Selene Finance, L.P. is the servicer of the subject Note and Mortgage and has forwarded this account to our office for foreclosure of the property referenced above.

It is our understanding that you intend to pay off this loan at a future date. **If you pay off the loan by August 31, 2022, we estimate that the payoff amount will be calculated to be $315,312.23 as follows:**

| | | |
|---|---|---|
| Principal | = | $141,364.10 |
| Interest Due @ 5.6250 % ($12.27 per diem) | = | $70,829.59 |
| Past Due Late Charges | = | $40.04 |
| NSF Charges | = | $0.00 |
| Property Inspections/Preservation | = | $0.00 |
| Escrow Balance Due | = | $86,021.99 |
| Bank Appraisal or BPO (Brokers Price Opinion) | = | $0.00 |
| Corporate Advance | = | $17,875.16 |
| Recording Fee | = | $49.00 |
| Pending Taxes | = | $1,698.01 |
| Pending Hazard | = | $142.94 |
| Less Funds in Suspense | = | ($4,336.18) |
| Legal fees/costs through today's date | = | $1,500.00 |

270 FARMINGTON AVENUE, SUITE 151 • FARMINGTON, CONNECTICUT 06032 • TEL (800) 626-5441 • TDD/TYY PLEASE FIRST DIAL 711

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 14 of 32 PageID #: 21

| | | |
|---|---|---|
| Anticipated Additional Legal Fees/Costs through **August 31, 2022** | = | $0.00 |
| **Total estimated Payoff Amount due as of August 31, 2022** | | **$315,184.65** |

If you wish to pay off your loan after **August 31, 2022,** you must contact us for a new payoff amount. Please call us when you actually are ready to pay off your loan so that we can give you the current payoff amount at that time. This will ensure that the amount you remit is as accurate as possible. Please keep in mind that we must obtain information from the mortgage servicer to provide you with the requested information and we will notify you of the updated payoff amount as soon as we receive the information. Please be advised that the payoff amount is subject to final verification by the Noteholder. You will be responsible for reimbursing the Noteholder if it pays other taxes, insurance or other miscellaneous expenses allowed by law.

If you are moving or no longer live at the property, please provide us with a new address. If your payment made pursuant to this letter is greater than the amount you owe, you will receive a refund via regular mail.

There may be other options available to help you avoid foreclosure. You may contact your lender to discuss these options.

**Do not send your funds to us. Remit funds directly to Selene Finance L.P.**

> **Payments – Regular Mail**
> Selene Finance LP
> P.O. Box 71243
> Philadelphia, PA 19176-6243

> **Payments – Overnight Delivery**
> Lockbox Processing
> Selene Finance LP
> F/S Global Lockbox
> 100 Grove Road, Suite 6
> West Deptford, NJ 08066

For assistance please refer **Selene Finance, L.P. Customer Service:**

> Phone: **(877) 735-3637** available from Monday through Thursday from 8:00 a.m. to 9:00 p.m., CST, Friday from 8:00 a.m. to 5:00 p.m, CST. For hearing impaired customers please dial **"711"** or **(800) 735-2989.**

> Fax: **(866) 926-5496**

> E-mail: **CustomerService@SeleneFinance.com**

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 15 of 32 PageID #: 22

If paying by check, do not send a personal check. We recommend sending a bank or certified check. We also recommend putting your loan number on the check (and any cover correspondence) and sending the funds by secure, trackable means, such as U.S.P.S. Express or Priority Mail or a delivery service such as FedEx, UPS, DHL, etc. Send the funds so they will arrive at the mortgage servicer on or before **August 31, 2022**.

**Please make sure to notate your full loan number on your payment, to insure proper credit. When you send your payoff check, please also either email or fax a copy of this letter along with a copy of your payoff payment to our office to the attention of Rebecca Rollo. Her email is** rrollo@bmpc-law.com **and her fax number is (860) 409-0626. It is very important that we are timely notified of your payoff.**

**The satisfaction of your loan is conditioned upon your paying any fees and expenses that may have been incurred in connection with the above mentioned matter through the date of receipt of funds. Please call on date of payment to confirm whether any additional amounts are due.**

Also enclosed are copies of the original note with all endorsements thereon, a copy of the subject mortgage, any and all assignments of mortgage, and power of attorney appointing Selene Finance as Attorney-in-Fact. These documents serve as validation of the above referenced debt.

Please note that if your validation of debt contains requests for specific documentation section 1692g requires only that we provide the name and address of the original creditor and validate the debt owed; it does not require us to provide any other information or documentation. Plaintiff does not waive any or all rights or objections that it otherwise may or could assert in relation to your requests for documentation if any.

Please consider this letter our client's full and complete response to your request for validation of the alleged debt.

Sincerely,

Rowdy M. Cloud, Esq.
RMC:ame
Bendett & McHugh, P.C.


Enclosures

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 16 of 32 PageID #: 23

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE COUNTY

R. Francis DiPrete,
Plaintiff
       v.

Selene Finance, LP,
Bendett & McHugh, PC, et alia,
Defendants

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### STATEMENT OF THE CASE:

Plaintiff R. Francis DiPrete, Mortgagor, moves pursuant to Superior Court Rule of Civil Procedure § 65, et alia, for a temporary restraining order and thereafter, preliminary injunction. The Plaintiff seeks immediate injunctive relief:

(1) Because the Defendant Mortgagee has begun foreclosure proceedings, despite the fact that Defendant is acting in violation of RIGL § 34-27-3.2, et alia and accordingly, is not entitled to foreclose; and,

(2) Because the Mortgagee has failed to give Notice to the Plaintiff pursuant to Sections 19 & 22 of the subject Mortgage which said notice is mandatory; and,

(3) Because the wrongful advertising of foreclosure is causing reputational harm to the Plaintiff in his professional capacity.

### II. RELIEF SOUGHT:

1. For the reasons set out in the accompanying Memorandum of Law, your Plaintiff moves this Court to immediately enjoin all aspects of the foreclosure action by the Defendants pending Mediation.

1

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 17 of 32 PageID #: 24

2. That the placement of advertising of this foreclosure in the local newspapers be withdrawn immediately.

3. That the Superior Court Case underlying this Motion be continued (stayed) until the legally-required Mediation is complete.

4. That the Defendants be ordered to enter into Mediation with the Plaintiff as required.

5. That a Restraining Order and/or Preliminary Injunction issue and remain in force until after trial to determine the validity or invalidity of the current foreclosure process.

6. Such other relief as this Court deems equitable, just and proper.

Respectfully submitted

R. Francis DiPrete, pro se
255 Ide Road; Scituate, RI 02857
RI Bar #: 5977

TEL.:         401.265.0310
EMAIL:        rfdlawr@aol.com

CERTIFICATION:

I hereby certify that on this 21st day of October, 2022, I filed this document and served this Document through the electronic filing system and sent same via US Mail to:

Selene Finance, LP, 9990 Richmond Ave, Houston, TX 77042
www.selenefinance.com

Bendett & McHugh, 270 Farmington Ave., Ste. 151, Farmington, CT 06032

2

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 18 of 32 PageID #: 25

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE COUNTY


R. Francis DiPrete,
Plaintiff
            v.

Selene Finance, LP,
Bendett & McHugh, PC, et alia,
Defendants

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### STATEMENT OF THE CASE:

Plaintiff R. Francis DiPrete, Mortgagor, moves pursuant to Superior Court Rule of Civil Procedure § 65, et alia, for a temporary restraining order and thereafter, preliminary injunction. The Plaintiff seeks immediate injunctive relief:

(1) Because the Defendant Mortgagee has begun foreclosure proceedings, despite the fact that Defendant is acting in violation of RIGL § 34-27-3.2, et alia and accordingly, is not entitled to foreclose; and,

(2) Because the Mortgagee has failed to give Notice to the Plaintiff pursuant to Sections 19 & 22 of the subject Mortgage which said notice is mandatory; and,

(3) Because the wrongful advertising of foreclosure is causing reputational harm to the Plaintiff in his professional capacity.

### II. RELIEF SOUGHT:

1. For the reasons set out in the accompanying Memorandum of Law, your Plaintiff moves this Court to immediately enjoin all aspects of the foreclosure action by the Defendants pending Mediation.

1

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865487
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 19 of 32 PageID #: 26

2.  That the placement of advertising of this foreclosure in the local newspapers be withdrawn immediately.

3.  That the Superior Court Case underlying this Motion be continued (stayed) until the legally-required Mediation is complete.

4.  That the Defendants be ordered to enter into Mediation with the Plaintiff as required.

5.  That a Restraining Order and/or Preliminary Injunction issue and remain in force until after trial to determine the validity or invalidity of the current foreclosure process.

6.  Such other relief as this Court deems equitable, just and proper.

Respectfully submitted

R. Francis DiPrete, pro se
255 Ide Road; Scituate, RI  02857
RI Bar #:  5977

TEL.:          401.265.0310
EMAIL:       rfdlawr@aol.com

### CERTIFICATION:

I hereby certify that on this 21st day of October, 2022, I filed this document and served this Document through the electronic filing system and sent same via US Mail to:

Selene Finance, LP, 9990 Richmond Ave, Houston, TX  77042
www.selenefinance.com

Bendett & McHugh, 270 Farmington Ave., Ste. 151, Farmington, CT 06032

2

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 20 of 32 PageID #: 27

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE COUNTY

R. Francis DiPrete,
Plaintiff

      v.

Selene Finance, LP,
Bendett & McHugh, PC, et alia,
Defendants

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION
## FOR TEMPORARY RESTRAINING ORDER

The facts of this case are clearly set out in the Complaint and Motion filed herein.

In support of his Motion, Plaintiff relies heavily on Justice Goldberg's Decision in the 2020 case of Cesar A. Woel v. Christiana Trust as Trustee for Stanowich Mortgage Loan Trust Series 2017, et al., No. 2018-347-Appeal PM 16-921, Supreme Court of RI 2020. [Ex. "A"] The Woel case considers the same fact pattern as the case at bar even down to the same Noteholder (Christiana Trust) and the same loan servicer, Selene Finance, a Defendant in the case at bar.

In her Decision, Judge Goldberg correctly states that where, "The Mortgagee's assertion that the Mortgagors in this case were not prejudiced by any failure to comply with the provisions of Paragraph 22 [attached as Exhibit "B"] misses the point. Paragraph 22 demands strict compliance, regardless of the existence, or not, of prejudice to a particular mortgagor." Citing Pinti v. Emigrant Mortgage Company, Inc. 33 N.E. 3d, (MASS 2015).

In addition, "Because the Default Notice failed to strictly comply with Paragraph 22, Defendants failed to satisfy the condition precedent to a valid foreclosure. Accordingly, we deem the foreclosure sale to be void."

1

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408  Document 1-1  Filed 11/09/22  Page 21 of 32 PageID #: 28

we deem the foreclosure sale to be void."

Applying the <u>Woel</u> Decision's reasoning to the case at bar, were the foreclosure be allowed to occur, the Plaintiff would be in the shoes of Mr. Woel et al., presumably able to mount a similar legal attack on the wrongful foreclosure. By enjoining the foreclosure, the Court conserves resources, financial and otherwise and nips in the bud an unlawful process.

While this Memorandum relies heavily on the <u>Woel</u> Decision and the authorities and reasoning contained within it, because that case tracks nearly identically with the instant case, it is respectfully submitted that the <u>Woel</u> precedent is sufficient to entitle this Court to grant the relief sought.

Respectfully submitted,

R. Francis DiPrete, pro se
255 Ide Road; Scituate, RI  02857
RI Bar #:  5977

TEL.:        401.265.0310
EMAIL:      rfdlawr@aol.com

<u>CERTIFICATION:</u>

I hereby certify that on this 21st day of October, 2022, I filed this document and served this Document through the electronic filing system and sent same via US Mail to:

Selene Finance, LP, 9990 Richmond Ave, Houston, TX  77042
www.selenefinance.com

Bendett & McHugh, 270 Farmington Ave., Ste. 151, Farmington, CT 06032

2

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 22 of 32 PageID #: 29

*EXHIBIT M 1*
*IN PLAINTIFFS*
*MEMORANDUM OF LAW*

fastcase

Woel v. Christiana Tr., No. 2018-347-Appeal., PM 16-921 (R.I. Jun 02, 2020)

### Cesar A. Woel

v.

### Christiana Trust, as Trustee for Stanwich Mortgage Loan Trust Series 2017-17, et al.

### No. 2018-347-Appeal.
### PM 16-921

### Supreme Court of Rhode Island

### June 2, 2020

<u>NOTICE</u>: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Page 2

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## OPINION

**Justice Goldberg, for the Court.** The plaintiff, Cesar Woel, appeals from a Superior Court order dismissing his complaint against the defendants, Christiana Trust, as Trustee for Stanwich Mortgage Loan Trust Series 2017-17, and Selene Finance (collectively defendants), and declaring that a foreclosure sale of the plaintiff's property was valid. The plaintiff argues that the foreclosure sale is void because the notice of default sent to him by the defendants failed to comply with the terms of the mortgage. Because we agree with this contention, we vacate the order of the Superior Court.

### Facts and Travel

The plaintiff purchased the property located at 152 Waldo Street in Providence in 2007. The plaintiff granted a mortgage on the property to Bank of America, N.A., to secure a $310,000 loan.[1] Bank of America later assigned the mortgage to Christiana Trust. Selene Finance acted as

Page 3

the servicer for the loan. Two provisions in plaintiff's mortgage are pertinent to this appeal: paragraph 19 and paragraph 22.

Paragraph 22 of plaintiff's mortgage, entitled "Acceleration; Remedies[,]" is a nonuniform covenant developed for Rhode Island mortgages.[2] According to paragraph 22, in the

Page 4

event of a default, the mortgagee must provide notice of default to the mortgagor *before* accelerating the note and conducting a foreclosure sale. Paragraph 22 also sets out certain information that must be included in the notice. Under paragraph 22, the notice of default must inform the mortgagor of:

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-06108    Document 1-1    Filed 11/09/22    Page 23 of 32 PageID #: 30

(2) the action required to cure the default;

(3) the date by which the default must be cured;

(4) the fact that failure to cure the default by that date may result in acceleration of the loan and sale of the property;

(5) *the right to reinstate after acceleration*" (emphasis added); and

(6) the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

Significantly, paragraph 22 mandates that the mortgagor be informed of the right to reinstate the mortgage after acceleration which, when accomplished, returns the mortgage to its pre-acceleration status and the monthly payments under the note.

Paragraph 19 of the mortgage, entitled "Borrower's Right to Reinstate After Acceleration[,]" sets out the conditions that must be satisfied to reinstate the mortgage after acceleration.[3] Under paragraph 19, the borrower may reinstate the mortgage prior to the earliest

**Page 5**

of: (1) "five days before sale of the Property pursuant to any power of sale contained in this Security Instrument;" (2) "such other period as Applicable Law might specify for the termination of Borrower's right to reinstate;" or (3) "entry of a judgment enforcing this Security Instrument." Paragraph 19 also sets out the following conditions that the mortgagor must satisfy in order to reinstate the mortgage after acceleration:

(1) pay the lender all sums due under the mortgage and the note as if no acceleration had occurred;

(2) cure any default of any other covenants or agreements;

(3) pay all expenses incurred in enforcing the mortgage—such as reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for purposes of protecting the lender's interest in the property; and

(4) take such action as reasonably required by the lender to assure that the lender's interest in the property and rights under the security instrument, and the borrower's obligation to pay the sums secured by the security instrument, will continue unchanged.

**Page 6**

Paragraph 19 further provides that "[u]pon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred."

In 2014, plaintiff became delinquent on the mortgage.[4] On July 9, 2014, Selene Finance sent a notice of default and intent to accelerate to plaintiff.[5] The notice informed plaintiff that

**Page 7**

the mortgage was in default "for failure to pay amounts due[,]" and it stated, "[t]o cure this default, you must pay all amounts due under the terms of your Note and Deed of Trust/Mortgage." The notice also informed plaintiff that he had forty-five days to cure the default, and of the specific date by which the default must be cured. Additionally, the notice informed plaintiff that, if he did not cure the default by that date, the mortgagee would accelerate the note and foreclose on the property. Finally,

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

the notice declared: "You have the right to cure the default after acceleration and the right to bring a court action to claim that your loan is not in default or any other defense to acceleration and sale that you may have." The notice did not inform plaintiff that he had the right to reinstate the mortgage after acceleration.

After plaintiff failed to cure the default, Selene Finance sent a notice of acceleration to plaintiff on October 14, 2014. The plaintiff's property was sold at foreclosure sale on December 14, 2015. The plaintiff filed suit in Superior Court, alleging that the foreclosure sale was void because the default notice was deficient, and seeking a declaration that plaintiff was the owner of the property located at 152 Waldo Street.[6] The plaintiff's claims—as well as the issues on appeal—centered on whether the notice of default complied with paragraph 22. The plaintiff alleged that the foreclosure sale was void because he did not receive proper notice of default in accordance with paragraph 22. The plaintiff contended that the default notice failed to inform him of his right to reinstate after acceleration. Because the notice failed to inform him of his

Page 8

right to reinstate the mortgage after acceleration as required by paragraph 22, plaintiff argued, the notice was insufficient, thus rendering the foreclosure sale void.

The defendants filed a motion to dismiss the complaint, which was later converted into a motion for summary judgment. On November 29, 2017, a justice of the Superior Court denied defendants' motion, concluding that questions of fact remained as to whether the default notice complied with paragraph 22 of the mortgage. The trial justice determined that the "right to reinstate after acceleration" is not equivalent to the "right to cure the default after acceleration[,]" because curing the default is only one of multiple steps that must be taken to reinstate after acceleration.

A few months later, defendants sought declaratory relief, contending that the default notice sent to plaintiff complied with the terms of the mortgage.[7] The plaintiff objected to that motion and filed a motion for summary judgment. On June 29, 2018, a second trial justice granted defendants' motion for a declaratory judgment and denied plaintiff's motion for summary judgment. The second trial justice ruled that the default notice complied with paragraph 22 because it informed plaintiff of the right to cure the default after acceleration and the failure to use the word "reinstate" in the default notice did not render it deficient. An order entered on August 21, 2018, dismissing plaintiff's complaint, declaring the foreclosure sale valid, and declaring Christiana Trust the valid owner of 152 Waldo Street; plaintiff filed a timely appeal.[8]

Page 9

## Standard of Review

This Court reviews a grant of summary judgment *de novo. Beacon Mutual Insurance Company v. Spino Brothers, Inc.,* 11 A.3d 645, 648 (R.I. 2011). "We view the evidence in the light most favorable to the nonmoving party; and, 'if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law,' we will affirm the judgment." *Allstate Insurance Company v. Ahlquist,* 59 A.3d 95, 97 (R.I. 2013) (brackets omitted) (quoting *Berman v. Sitrin,* 991 A.2d 1038, 1043 (R.I. 2010)).

## Analysis

On appeal, plaintiff argues that the trial justice erred in denying his motion for summary judgment and in granting defendants' motion for a declaratory judgment because the default notice failed to strictly comply with the requirements contained in paragraph 22 as a condition precedent to a valid foreclosure sale. The plaintiff reasons that the default notice failed to strictly comply with paragraph 22 because it did not inform him of the right to reinstate after acceleration. The plaintiff therefore contends that the foreclosure sale is void.

The defendants counter that the trial justice correctly ruled that the default notice complied with paragraph 22 because informing plaintiff of "the right to cure the default after acceleration" was tantamount to informing him of "the right to reinstate after acceleration." The defendants reason

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

that, under paragraph 19, curing the default was the only condition that plaintiff would have needed to satisfy in order to reinstate the mortgage after acceleration.

Because this case presents a matter of first impression, we must first determine the appropriate standard to apply.[9] In Rhode Island, upon default in the performance of the

Page 10

mortgage, a mortgagee may conduct a foreclosure sale of the property by exercising the statutory power of sale contained in G.L. 1956 § 34-11-22, so long as the mortgage contract itself gives the mortgagee the power to do so.[10] See Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1084 (R.I. 2013) ("[T]he right to exercise the power of sale in a mortgage is derived from contract, not statute."). "[W]hether a contract is clear and unambiguous is a question of law." Beacon Mutual Insurance Company, 11 A.3d at 648. "A term in a contract is ambiguous when it is reasonably and clearly susceptible to more than one rational interpretation." Chariho Regional School District v. State, 207 A.3d 1007, 1015 (R.I. 2019) (quoting Botelho v. City of Pawtucket School Department, 130 A.3d 172, 176 (R.I. 2016)). In evaluating whether contract language is ambiguous, "we give words their plain, ordinary, and usual meaning." Id. (quoting Botelho, 130 A.3d at 176). The Court considers "the intent expressed by the language of the contract[,]" but we do not consider the subjective intent of the parties. Id. (quoting Botelho, 130 A.3d at 176). If a contractual provision is ambiguous, "the construction of that provision is a question of fact." Id (quoting Haviland v. Simmons, 45 A.3d 1246, 1259 (R.I. 2012)).

This Court has construed notice requirements contained in contracts as requiring strict compliance as a condition precedent. In Cinq-Mars v. Travelers Insurance Company, 100 R.I.

Page 11

603, 218 A.2d 467 (1966), we held that compliance with a notice provision contained in an insurance policy, which required the insured to provide the insurer with written notice of an accident "as soon as practicable[,]" was a condition precedent to the insurer's liability. Cinq-Mars, 100 R.I. at 610, 218 A.2d at 471 (quoting Sherwood Ice Co. v. United States Casualty Co., 40 R.I. 268, 273, 100 A. 572, 574 (1917)); see Hedco, LTD. v. Blanchette, 763 A.2d 639, 642-43 (R.I. 2000) (holding that strict compliance with a notice of termination requirement contained in a federal regulation was a condition precedent to maintaining a trespass and eviction action against a tenant living in federally subsidized housing).

In this case, by assuming the mortgage contract from Bank of America, defendants were bound to comply with its terms. See Martins v. Federal Housing Finance Agency, 214 F. Supp. 3d 163, 169 (D.R.I. 2016) ("Simply put, if a mortgagee agrees to give a certain notice before a foreclosure, * * * [t]he mortgagee must do that which it agreed."); In re Demers, 511 B.R. 233, 238 (Bankr. D.R.I. 2014) ("[A] mortgagee has a duty to comply with the terms and conditions of the documents that it drafted."). Paragraph 22 of the mortgage contract clearly and unambiguously required that, "prior to acceleration[,]" the mortgagee must provide notice of default to the mortgagor and include certain information within that notice, including informing the mortgagor of "the right to reinstate after acceleration[.]" As a matter of contract law, strict compliance with the requirements contained in paragraph 22 is a condition precedent to acceleration and a valid foreclosure sale.

What is more, strict compliance with the notice requirements in a mortgage is especially important given that Rhode Island is a nonjudicial foreclosure state. Because mortgagees in Rhode Island may accelerate the mortgage and conduct a foreclosure sale without immediate judicial oversight, a strict compliance standard concerning the notice requirements prevents

Page 12

mortgagees from accelerating and foreclosing without first providing a notice of default that adequately informs the mortgagor of his or her rights under the mortgage contract. Strict compliance with paragraph 22 is essential to ensuring that mortgagors are fully informed of their rights and will

408   Document 1-1   Filed 11/09/22   Page 26 of 32 PageID #: 33

not be misled by a default notice provided by a mortgagee.

Having determined the appropriate standard to apply in this case, we turn to whether the default notice strictly complied with paragraph 22 as a condition precedent to a valid foreclosure. Although we have not yet confronted this issue, the opinion of the Supreme Judicial Court of Massachusetts in *Pinti v. Emigrant Mortgage Company, Inc.*, 33 N.E.3d 1213 (Mass. 2015), is instructive. *See Pinti*, 33 N.E.3d at 1217-18. In *Pinti*, the notice of default provided that the mortgagor had "*the right to assert in any lawsuit for foreclosure and sale the nonexistence of a default or any other defense they may have to acceleration and foreclosure and sale*[.]" *Id.* at 1215-16 (brackets omitted). The issue was whether the notice of default strictly complied with paragraph 22 of the mortgage in that case, which mirrors that of plaintiff's mortgage in the present case. *Id.* at 1217. The court held that the notice failed to strictly comply with paragraph 22 because it did not inform the mortgagor of his or her "right, and need, to *initiate* a legal action if they seek to challenge the validity of the foreclosure." *Id.* at 1222-23. The court soundly reasoned that mortgagors could be misled into thinking that they had no need to initiate a lawsuit against the mortgagee and could instead advance a claim or defense in response to a lawsuit initiated by the mortgagee. *Id.* at 1222.[12]

Page 13

In this case, the default notice failed to inform plaintiff of the right to reinstate the mortgage after acceleration. Paragraph 22 provides that the default notice "shall" inform plaintiff "of the *right to reinstate* after acceleration[.]" (Emphasis added.) The default notice in this case, however, provided: "You have the *right to cure* the default after acceleration[.]" (Emphasis added.) These terms are not synonyms; yet a fair reading of the default notice suggests that, if plaintiff cured the default after acceleration, the mortgage would be reinstated. This is misleading, inaccurate, and, at best, incomplete.

The language in paragraphs 19 and 22 illustrates the distinction between curing the default after acceleration and reinstating the mortgage after acceleration. Paragraph 22 explains that "the right to cure" is the mortgagor's right to pay the pre-acceleration default amount owed and thus be protected from acceleration. If the mortgagor fails to cure, then the mortgagee may accelerate the note, with the entire amount of the note immediately due and owing—not just the pre-acceleration default amount. The mortgagor may reinstate the mortgage—which would return the mortgage to its pre-acceleration status with monthly payments—by satisfying the four conditions set out in paragraph 19. Under paragraph 19, to reinstate the mortgage after acceleration, the mortgagor must: (1) cure the default; (2) cure any default of any other covenant or agreement in the mortgage; (3) pay any expenses incurred in enforcing the security instrument, including, for example, reasonable attorneys' fees and property inspection and valuation fees; and (4) take any action as reasonably required by the mortgagee to protect its interest in the mortgage.

Page 14

Informing plaintiff in a notice of default and intent to accelerate of the "right to *cure* the default after acceleration" is not equivalent to informing him of "the right to *reinstate* after acceleration[,]" because curing the default is only one component of reinstating the mortgage after acceleration under paragraph 19. Indeed, had plaintiff cured the default after acceleration as the default notice stated— by paying the pre-acceleration amount owed—the mortgage would not have been reinstated, and the entire balance of the loan would remain immediately due and owing. Accordingly, we conclude that the default notice "significantly, and inexcusably, differed from, watered down, and overshadowed the notice that was contractually and legally required" by paragraph 22 of the mortgage. *Federal National Mortgage Association v. Marroquin*, 74 N.E.3d 592, 595 (Mass. 2017) (deletion omitted).

Nonetheless, defendants argue that, based on the particular facts of this case, the terms are equivalent because curing the default was the only condition that plaintiff would have had to satisfy to reinstate the mortgage under paragraph 19. Indeed, defendants assert that there is nothing in the record to support an inference that plaintiff's default consisted of anything other than his failure to

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

make monthly mortgage payments. Accordingly, defendants argue that the default notice strictly complied with paragraph 22 because it informed plaintiff of the right to cure the default after acceleration. We disagree.

In *Hedco*, cited *supra*, a case involving an eviction action against a tenant living in federally subsidized housing, we were tasked with determining whether a termination notice strictly complied with applicable federal regulations. *Hedco*, 763 A.2d at 642-43. We explained that, in evaluating the sufficiency of the notice, "the important factor is whether the statute has been complied with and not whether the tenant has been misled by the notice given." *Id.* at 642 (quoting *Tate v. Peter Charles Reynolds, Inc.*, 622 A.2d 449, 450 (R.I. 1993)). Moreover, as the

Page 15

*Pinti* court explained: "The [mortgagee's] assertion that the [mortgagors] in this case were not prejudiced by any failure to comply with the provisions of paragraph 22 misses the point. Paragraph 22 demands strict compliance, regardless of the existence, or not, of prejudice to a particular mortgagor." *Pinti,* 33 N.E.3d at 1223 n.20. This reasoning applies to the case at bar. Whether curing the default was the only unsatisfied condition under paragraph 19 is not relevant to our analysis in this appeal. We look to the content of the default notice itself, not the particular facts related to the mortgagor.

In sum, the default notice failed to strictly comply with paragraph 22 because it failed to inform plaintiff of the right to reinstate after acceleration. Because the default notice failed to strictly comply with paragraph 22, defendants failed to satisfy the condition precedent to a valid foreclosure. Accordingly, we deem the foreclosure sale to be void.

The potential impact this new rule of law could have on the finality of foreclosures has not escaped us. To the extent that this opinion is viewed as a new rule of law, it is to be given prospective effect. *See State v. Arpin*, 122 R.I. 643, 657, 410 A.2d 1340, 1347 (1980) (explaining that, in the past, the Court "has chosen to apply new rules of law in the manner best suited to serve the interests of justice and to avoid hardship"). Specifically, the pronouncement in this opinion applies to the case at bar and to cases pending in the Superior Court in which this specific issue has been, or may be, raised.

**Conclusion**

For the reasons set forth in this opinion, we vacate the order of the Superior Court and remand this case to the Superior Court.

Page 16

**Attorney(s) on Appeal**

For Plaintiff:

Todd S. Dion, Esq.

For Defendants:

John S. McNicholas, Esq.

———

Footnotes:

1. The plaintiff's mortgage was documented on the standard form mortgage provided by the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac). The standard form mortgage contains several uniform covenants that are applicable in every state, as well as nonuniform covenants that are designed for nonjudicial foreclosure states such as Rhode Island and Massachusetts. *See Pinti v. Emigrant Mortgage Company, Inc.*, 33 N.E.3d 1213, 1221 n.16 (Mass. 2015).

2. Paragraph 22 of the mortgage provides, in full:

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00409-JJM-PAS Document 10-1 Filed 11/09/22 Page 39 of 95 PageID #: 35

default to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument * * *. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

"If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

3. Paragraph 19 provides:

"If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18."

4. At a Superior Court hearing in June 2018, plaintiff admitted that he had not paid the mortgage for several years; defendants asserted that plaintiff had not paid the mortgage since 2010.

5. The notice of default and intent to accelerate provided, in pertinent part, as follows:

the referenced Deed of Trust/Mortgage and applicable state laws, provides you with formal notice of the following:

"The mortgage loan associated with the referenced Deed of Trust/Mortgage is in default for failure to pay amounts due.

"*To cure this default,* you must pay all amounts due under the terms of your Note and Deed of Trust/Mortgage. As of 07/09/2014 your loan is due for 01/01/2013 and the total amount necessary to cure your default is $33,209.94[.]

"* * *

"*If you have not cured the default within forty-five (45)* [sic] *of this notice, Selene will accelerate* the maturity date of the Note and declare all outstanding amounts under the Note immediately due and payable. Your property that is collateral for the Note may then be scheduled for foreclosure in accordance with the terms of the Deed of Trust/Mortgage and applicable state laws.

"The total amount you must pay to cure the default stated above must be received by 08/23/2014.

"Note that between the date this letter was issued and 08/23/2014 additional regularly scheduled monthly payments, charges, costs and fees may become due. For the exact amount you must pay to cure your default please contact our office[.]

"* * *

"*You have the right to cure the default after acceleration and the right to bring a court action to claim that your loan is not in default or any other defense to acceleration and sale that you may have. This notice remains in effect until the default is cured.*" (Emphasis added.)

6. The record reveals that a third party, Kaimanes Home Improvement, LLC, moved to intervene in the case, asserting that it had entered into a purchase and sale agreement with Christiana Trust for the property located at 152 Waldo Street and that the sale was thwarted by plaintiff's claims. The Superior Court heard and granted the motion to intervene on August 5, 2016, but an order was never entered, and Kaimanes Home Improvement is not listed as a party to this case.

7. Although this was characterized as a "Motion for Declaratory Judgment" under Rule 57 of the Superior Court Rules of Civil Procedure, there was no complaint or claims by defendants seeking declaratory relief pending before the court, but plaintiff failed to raise this to the attention of the trial justice. We therefore treat this as a motion for summary judgment.

8. The plaintiff also sought emergency relief from this Court to prohibit defendants from evicting him from the property during the pendency of this appeal. This Court denied that request.

9. We acknowledge that the federal courts in Rhode Island have confronted this issue on numerous occasions. *See Aubee v. Selene Finance, LP,* C.A. No. 19-37WES, 2019 WL 7282019 (D.R.I. Dec. 27, 2019); *Martins v. Federal Housing Finance Agency,* 214 F. Supp. 3d 163 (D.R.I. 2016); *In re Demers,* 511 B.R. 233 (Bankr. D.R.I. 2014). Although this Court has not addressed the issue, the federal courts, when charged with applying Rhode Island law, have assumed that strict compliance with paragraph 22 is a condition precedent to a valid foreclosure sale. *See Aubee,* 2019 WL 7282019, at *4; *Martins,* 214 F. Supp. 3d at 169; *In re Demers,* 511 B.R. at 239. They were correct.

10. This Court has recognized contractual power of sale since 1895, whereas the General Assembly enacted G.L. 1956 § 34-11-22 in 1927. *See Thurber v. Carpenter,* 18 R.I. 782, 784, 31 A. 5, 6 (1895); *see also Bucci v. Lehman Brothers Bank, FSB,* 68 A.3d 1069, 1085 (R.I. 2013). Because the right to exercise the power of sale is derived from the mortgage contract itself, a mortgage is not required to include the statutory power of sale provision contained in § 34-11-22, which merely provides that the provision "*may be incorporated in any mortgage by reference*[.]" *Bucci,* 68 A.3d at 1085 (quoting § 34-11-22).

11. Other states, including Massachusetts, Alabama, and Minnesota, also require strict compliance with paragraph 22 as a condition precedent to a valid foreclosure. *See, e.g., Ex parte Turner,* 254 So. 3d 207, 212 (Ala. 2017); *Pinti,* 33 N.E.3d at 1221 n.16; *Ruiz v. 1st Fidelity Loan Servicing, LLC,* 829 N.W.2d 53, 58 (Minn. 2013).

12. The United States Court of Appeals for the First Circuit relied on *Pinti,* cited *supra,* in *Thompson v. JPMorgan Chase Bank, N.A.,* 915 F.3d 801 (1st Cir. 2019) (*Thompson I*). *Thompson I,* 915 F.3d at 804-05. The First Circuit later vacated that decision and certified a question to the Supreme Judicial Court of Massachusetts because, in its petition for panel rehearing *en banc,* the mortgagee, for the first time, claimed that a Massachusetts banking regulation required the mortgagee to use the same language that it used in its notice of default. *Thompson v. JPMorgan Chase, N.A.,* 931 F.3d 109, 110, 111 (1st Cir. 2019) (*Thompson II*). As of this opinion, *Thompson II* remains pending. Regardless, it does not apply to this case.

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408    Document 1-1    Filed 11/09/22    Page 30 of 32 PageID #: 37

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE COUNTY


R. Francis DiPrete,
Plaintiff

    v.

Selene Finance, LP,
Bendett & McHugh, PC, et alia,
Defendants


## ORDER

    This matter came before the honorable _____

On October _____, 2022

On the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction in the

terms of the Plaintiff's Motion.

    After consideration thereof, it is hereby:

## ORDERED

1. The Defendant and their servants and agents shall cease forthwith all further foreclosure
   action or actions in this matter, pending further Order of this Court.

2. Any advertisement of foreclosure shall cease forthwith in regard to a November 14, 2022
   foreclosure.

3. Plaintiff is authorized to serve notice of this Order to the Defendants via email to the
   ordinary email addresses of them as provided to him.


ORDER:                                ENTRY DATE:


CLERK:                                _____
                                      By:

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 31 of 32 PageID #: 38

STATE OF RHODE ISLAND                         SUPERIOR COURT
PROVIDENCE COUNTY


R. Francis DiPrete,
Plaintiff

     v.

Selene Finance, LP,
Bendett & McHugh, PC, et alia,
Defendants


## ORDER

     This matter came before the honorable _____

On October _____, 2022

On the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction in the

terms of the Plaintiff's Motion.

     After consideration thereof, it is hereby:

## ORDERED

1. The Defendant and their servants and agents shall cease forthwith all further foreclosure
   action or actions in this matter, pending further Order of this Court.

2. Any advertisement of foreclosure shall cease forthwith in regard to a November 14, 2022
   foreclosure.

3. Plaintiff is authorized to serve notice of this Order to the Defendants via email to the
   ordinary email addresses of them as provided to him.

ORDER:                                         ENTRY DATE:



CLERK:                                         _____
                                               By:

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:13 PM
Envelope: ____
Reviewer: ____

Case 1:22-cv-00408   Document 1-1   Filed 11/09/22   Page 32 of 32 PageID #: 39

Selene Finance, LP,
c/o Corporation Service Co.
222 Jefferson Blvd., Ste. 200
Warwick, RI 02888

R. Francis DiPrete
Attorney at Law
255 Ide Road
No. Scituate, RI 02857

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-2   Filed 11/09/22   Page 1 of 3 PageID #: 40

# EXHIBIT 2

STATE OF RHODE ISLAND            SUPERIOR COURT
PROVIDENCE COUNTY

| | |
|---|---|
| R. FRANCIS DIPRETE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. NO.: PM-2022-06087 |
| | ) |
| SELENE FINANCE, LP and | ) |
| BENDETT & MCHUGH, P.C., et. al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **NOTICE OF FILING OF REMOVAL**

Defendants, Selene Finance, LP ("Selene") and Bendett & McHugh, P.C. ("Bendett") (collectively, "Defendants"), by and through counsel, have removed this action to the U.S. District Court for the District of Rhode Island. A copy of the Notice of Removal filed in the U.S. District Court for the District of Rhode Island is attached hereto as ss. Although Bendett has yet to be formally served with the complaint and summons, counsel for Bendett assented to the filing of removal.

Pursuant to 28 U.S.C. § 1446(d), please be advised that filing a copy of the Notice of Removal with the Clerk of this Court "shall effect the removal and the state court shall proceed no further unless and until the case is remanded."

1

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-2   Filed 11/09/22   Page 3 of 3 PageID #: 42

Dated: November 9, 2022

Respectfully submitted,

SELENE FINANCE, LP                     BENDETT & MCHUGH, P.C.

By their attorneys,                    By their attorneys,

*/s/ Shanna M. Boughton*               */s/ Rowdy M. Cloud*
Shanna M. Boughton, #8283              Rowdy M. Cloud, #9383
sboughton@mcglinchey.com               rcloud@bmpc-law.com
Marisa K. Roman, #9496                 BENDETT & MCHUGH, P.C.
mroman@mcglinchey.com                  23 Messenger Street, Second Floor
MCGLINCHEY STAFFORD, PLLC              Plainvillle, MA 02762
10 Dorrance Street, Suite 700          (508) 919-8638 – Phone
Providence, RI 02903
(857) 453-7156 – Phone
(617) 830-8385 – Fax

## CERTIFICATE OF SERVICE

I, Shanna M. Boughton, hereby certify that on the 9th day of November, 2022, a copy of this notice was filed electronically with the Clerk of Court using the electronic filing system. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic filing system and via email.

*/s/ Shanna M. Boughton*
Shanna M. Boughton

2

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408   Document 1-3   Filed 11/09/22   Page 1 of 3 PageID #: 43

# Exhibit 3

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3855407
Reviewer: Carol M.

Case 1:22-cv-00408   Document 3-11   Filed 11/10/22   Page 2 of 3 PageID #: 44

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

R. Francis DiPrete

**(b)** County of Residence of First Listed Plaintiff   **Providence County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

R. Francis DiPrete, Pro Se, 255 Ide Road Scituate, RI 02857

## DEFENDANTS

Selene Finance, LP; Bendett & McHugh, P.C.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Shanna M. Boughton, McGlinchey Stafford, 10 Dorrance Street Suite 700 Providence, RI 02903
Rowdy M. Cloud, Bendett & McHugh, 23 Messenger Street

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. s. 1331, 1441, 1446

Brief description of cause:
Plaintiff alleges wrongful foreclosure, breach of contract, unjust enrichment, etc.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$75,000+

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
Nov 9, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Shanna M. Boughton

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

Case 1:22-cv-00408    Document 1-3    Filed 11/09/22    Page 3 of 3 PageID #: 45

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 11/9/2022 5:10 PM
Envelope: 3865497
Reviewer: Carol M.

STATE OF RHODE ISLAND                                      SUPERIOR COURT
PROVIDENCE COUNTY

| | |
|---|---|
| R. FRANCIS DIPRETE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     C.A. NO.: PM-2022-06087 |
| | ) |
| SELENE FINANCE, LP and | ) |
| BENDETT & MCHUGH, P.C., et. al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING OF REMOVAL

Defendants, Selene Finance, LP ("Selene") and Bendett & McHugh, P.C. ("Bendett")

(collectively, "Defendants"), by and through counsel, have removed this action to the U.S. District

Court for the District of Rhode Island. A copy of the Notice of Removal filed in the U.S. District

Court for the District of Rhode Island is attached hereto as ss. Although Bendett has yet to be

formally served with the complaint and summons, counsel for Bendett assented to the filing of

removal.

Pursuant to 28 U.S.C. § 1446(d), please be advised that filing a copy of the Notice of

Removal with the Clerk of this Court "shall effect the removal and the state court shall proceed no

further unless and until the case is remanded."

Dated: November 9, 2022

Respectfully submitted,

SELENE FINANCE, LP

By their attorneys,

*/s/ Shanna M. Boughton*
Shanna M. Boughton, #8283
sboughton@mcglinchey.com
Marisa K. Roman, #9496
mroman@mcglinchey.com
MCGLINCHEY STAFFORD, PLLC
10 Dorrance Street, Suite 700
Providence, RI 02903
(857) 453-7156 – Phone
(617) 830-8385 – Fax

BENDETT & MCHUGH, P.C.

By their attorneys,

*/s/ Rowdy M. Cloud*
Rowdy M. Cloud, #9383
rcloud@bmpc-law.com
BENDETT & MCHUGH, P.C.
23 Messenger Street, Second Floor
Plainvillle, MA 02762
(508) 919-8638 – Phone

## CERTIFICATE OF SERVICE

I, Shanna M. Boughton, hereby certify that on the 9th day of November, 2022, a copy of this notice was filed electronically with the Clerk of Court using the electronic filing system. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic filing system and via email.

*/s/ Shanna M. Boughton*
Shanna M. Boughton

2

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**
**C.A. No. PM-2022-06087**

| | |
|---|---|
| **R. FRANCIS DIPRETE,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| **v.** | ) |
| | ) |
| **SELENE FINANCE, LP; BENDETT &** | ) |
| **MCHUGH, PC, et alia,** | ) |
| | ) |
| | ) |
| **DEFENDANTS.** | ) |

## WITHDRAWAL OF APPEARANCE

I, Rowdy M. Cloud, hereby withdraw my appearance on behalf of the Defendant, Selene

Finance, LP, <u>only</u>.

Respectfully submitted,
**DEFENDANT,**
**Selene Finance, LP,**
By its attorneys,


*/s/ Rowdy M. Cloud*
Rowdy M. Cloud, Esq. (# 9383)
BENDETT & MCHUGH, P.C.
23 Messenger Street, Second Floor
Plainville, MA 02726
Tel: (508) 919-8638
rcloud@bmpc-law.com

Dated: October 25, 2022

## CERTIFICATE OF SERVICE

I, Rowdy M. Cloud, hereby certify that on this 25th day of October, 2022, I caused a copy of the foregoing document to be filed and served via the Court's electronic filing system on Marisa Roman and Shanna Boughton. I further certify that I served a copy via first class mail, postage prepaid and electronic mail to the following:

R. Francis DiPrete
255 Ide Road
Scituate, RI 02857
rfdlawr@aol.com

The document electronically filed is available for viewing on the Rhode Island Judiciary's Electronic Filing System.

*/s/ Rowdy M. Cloud*_____
Rowdy M. Cloud, Esq. (#9383)

2

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE COUNTY

| | |
|---|---|
| R. Francis DiPrete, | ) |
| | ) |
| Plaintiff | ) |
| vs. | ) |
| | ) Case No.: PM-2022-06087 |
| Selene Finance, LP, | ) |
| Bendett & McHugh, PC, et alia, | ) |
| | ) |
| Defendants | ) |
| | ) |

### <u>NOTICE OF APPEARANCE OF MARISA K. ROMAN</u>

Please enter my appearance as counsel for Defendant, Selene Finance, LP, in the above-captioned action.

Dated: October 24, 2022

*/s/ Marisa K. Roman*
Marisa K. Roman, #9496
McGlinchey Stafford, PLLC
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
Phone: (857) 453-7156
Fax: (617) 830-8385
Email: mroman@mcglinchey.com

I

## <u>CERTIFICATE OF SERVICE</u>

I, Marisa K. Roman, certify that on October 24, 2022 a copy of the foregoing Notice of

Appearance was delivered via electronic mail to counsel for the Plaintiffs.


*/s/ Marisa K. Roman*
Marisa K. Roman

2

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE COUNTY

_____
                                )
   R. Francis DiPrete,          )
                                )
                Plaintiff       )
vs.                             )
                                )    Case No.: PM-2022-06087
   Selene Finance, LP,          )
   Bendett & McHugh, PC, et alia, )
                                )
                Defendants      )
_____ )

## <u>NOTICE OF APPEARANCE OF SHANNA M. BOUGHTON</u>

Please enter my appearance as counsel for Defendant, Selene Finance, LP, in the above-captioned action.

Dated: October 24, 2022

/s/ Shanna M. Boughton
Shanna M. Boughton, #8283
McGlinchey Stafford, PLLC
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
Phone: (857) 453-7156
Fax: (617) 830-8385
Email: Sboughton@mcglinchey.com

I

## CERTIFICATE OF SERVICE

I, Shanna M. Boughton, certify that on October 24, 2022 a copy of the foregoing Notice of

Appearance was delivered via electronic mail to counsel for the Plaintiffs.


*/s/ Shanna M. Boughton*
Shanna M. Boughton

2

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE COUNTY


R. Francis DiPrete,
Plaintiff

    v.

Selene Finance, LP,
Bendett & McHugh, PC, et alia,
Defendants

## ORDER

This matter came before the honorable _Justice Cruise_

On October _21_ , 2022

On the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction in the

terms of the Plaintiff's Motion.

    After consideration thereof, it is hereby:

## ORDERED

1. The Defendant and their servants and agents shall cease forthwith all further foreclosure
   action or actions in this matter, pending further Order of this Court.

2. Any advertisement of foreclosure shall cease forthwith in regard to a November 14, 2022
   foreclosure.

3. Plaintiff is authorized to serve notice of this Order to the Defendants via email to the
   ordinary email addresses of them as provided to him.

ORDER:

CLERK:

ENTRY DATE:

By:



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PM-2022-06087 |
| **Plaintiff**<br>R Francis DiPrete<br> v. Selene Finance, LP et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>R Francis Diprete |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>255 Ide Road<br>North Scituate RI  02857 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>270 Farmington Ave<br>Ste 151<br>Farmington CT  06032 |

**TO THE DEFENDANT, Bendett & McHugh, PC:**

   The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

   As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 10/21/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

# SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| R Francis DiPrete | PM-2022-06087 |
| v. Selene Finance, LP et al. | |
| **Defendant** | |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Bendett & McHugh, PC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page I of 2

SC-CMS-I (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

   Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

   Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
|---|---|
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-I (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PM-2022-06087 |
| **Plaintiff**<br>R Francis DiPrete<br> v. Selene Finance, LP et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>R Francis Diprete |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>255 Ide Road<br>North Scituate RI  02857 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>9990 Richmond Ave<br>Houston TX  77042 |

**TO THE DEFENDANT, Selene Finance, LP:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 10/21/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

# SUPERIOR COURT

| **Plaintiff**<br>R Francis DiPrete<br> v. Selene Finance, LP et al.<br>**Defendant** | **Civil Action File Number**<br>PM-2022-06087 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Selene Finance, LP, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page I of 2

SC-CMS-I (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____

   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE:  _____ / _____ / _____ | SERVICE FEE $ _____ |
| Month      Day      Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

    On this _____ day of _____, 20 ____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-I (revised July 2020)

**STATE OF RHODE ISLAND**　　　　　　　　**SUPERIOR COURT**
**PROVIDENCE, SC.**　　　　　　　　　　　**C.A. No. PM-2022-06087**

| | |
|---|---|
| **R. FRANCIS DIPRETE,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| **v.** | ) |
| | ) |
| **SELENE FINANCE, LP; BENDETT &** | ) |
| **MCHUGH, PC, et alia,** | ) |
| | ) |
| | ) |
| **DEFENDANTS.** | ) |

## ENTRY OF APPEARANCE

I, Rowdy M. Cloud, hereby enter my appearance on behalf of the Defendants, Selene

Finance, LP and Bendett & McHugh, PC.

Respectfully submitted,
**DEFENDANTS,**
**Selene Finance, LP and**
**Bendett & McHugh, PC,**
By its attorneys,

*/s/ Rowdy M. Cloud*
Rowdy M. Cloud, Esq. (# 9383)
BENDETT & MCHUGH, P.C.
23 Messenger Street, Second Floor
Plainville, MA 02726
Tel: (508) 919-8638
rcloud@bmpc-law.com

Dated: October 20, 2022

## CERTIFICATE OF SERVICE

I, Rowdy M. Cloud, hereby certify that on this 20th day of October, 2022, I caused a copy of the foregoing document to be filed and served via the Court's electronic filing system. I further certify that I served a copy via first class mail, postage prepaid and electronic mail to the following:

R. Francis DiPrete
255 Ide Road
Scituate, RI 02857
rfdlawr@aol.com

The document electronically filed is available for viewing on the Rhode Island Judiciary's Electronic Filing System.

*/s/ Rowdy M. Cloud*_____
Rowdy M. Cloud, Esq. (#9383)

2



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## OMNIBUS CALENDAR ASSIGNMENT FORM

| ☑ **Providence/Bristol County** | ☐ **Kent County** | ☐ **Washington County** | ☐ **Newport County** |
|---|---|---|---|

| | CASE NUMBER |
|---|---|
| R. Francis DiPrete | |
| VS. | |
| Selene Finance, LP, et al. | |

## CALENDAR TYPE MUST BE SELECTED FOR SCHEDULING PURPOSES
☐ FORMAL SPECIAL CAUSE CALENDAR  ☐ BUSINESS CALENDAR  ☐ DISPOSITIVE MOTION CALENDAR

## FORMAL SPECIAL CAUSE AND BUSINESS CALENDAR

| | |
|---|---|
| ☐ AGENCY APPEAL | ☐ MOTION FOR PROTECTIVE ORDER |
| ☐ ASSESSMENT OF DAMAGES | ☐ MOTION TO RECONSIDER |
| ☐ APPOINTMENT OF A SPECIAL MASTER | ☐ ORAL PROOF OF CLAIM |
| ☐ CONFIRM ARBITRATION | ☐ PETITION TO ALLOW SECURED CLAIM |
| ☐ DECLARATORY JUDGMENT | ☐ PETITION TO APPOINT TEMPORARY RECEIVER |
| ☐ ENTRY OF JUDGMENT | ☐ PROOF OF CLAIM |
| ☐ EVIDENTIARY HEARING | ☐ PETITION TO ENFORCE |
| ☐ FIRST AND FINAL REPORT | ☐ PETITION FOR INSTRUCTIONS |
| ☐ FORECLOSURE OF RIGHT OF REDEMPTION | ☐ PRELIMINARY INJUNCTION |
| ☐ FRIENDLY SUIT | ☐ APPOINTMENT OF PERMANENT SPECIAL MASTER |
| ☐ APPOINTMENT OF PERMANENT RECEIVER | ☐ PETITION TO RECLAIM |
| ☐ MOTION TO ATTACH | ☐ PARTITION PROCEEDINGS |
| ☐ MOTION FOR ATTORNEYS FEES | ☐ PETITION TO SELL |
| ☐ MOTION TO COMPEL RECEIVER | ☐ RECEIVERSHIP PROCEEDINGS |
| ☐ MOTION TO DEFAULT | ☐ SHOW CAUSE HEARING |
| ☐ MOTION FOR ENTRY OF FINAL JUDGMENT | ☐ SUPPLEMENTARY PROCEEDINGS |
| ☐ MECHANIC'S LIEN | ☐ TITLE PROCEEDINGS |
| ☐ MOTION FOR APPROVAL | ☑ TEMPORARY RESTRAINING ORDER |
| ☐ MANDATORY INJUNCTION | ☐ TRUSTEE PROCEEDINGS |
| ☐ MOTION TO ADJUDGE IN CONTEMPT | ☐ VACATE ARBITRATION |
| ☐ OTHER FORMAL MATTER (EXPLAIN) _____ | ☐ WRIT OF MANDAMUS |
| _____ | ☐ WRIT OF REPLEVIN |
| ☐ OTHER BUSINESS MATTER (EXPLAIN) _____ | |

**If you require witnesses, state the estimated time frame of said hearing and attach a witness list and expected testimony to this form.**

## DISPOSITIVE MOTION CALENDAR

| | |
|---|---|
| ☐ MOTION TO DISMISS, UNDER RULE 12 | ☐ MOTION FOR PARTIAL SUMMARY JUDGMENT |
| ☐ MOTION FOR ENTRY OF JUDGMENT ON PLEADINGS | ☐ MOTION FOR SUMMARY JUDGMENT |
| ☐ OTHER DISPOSITIVE MOTION: (EXPLAIN) _____ | |

| **HEARING DATE:** | **APPROVED BY:** |
|---|---|

**Failure to fill out this form properly may result in your hearing date not being approved.**

| Signature of Attorney or Self-represented Litigant | Address: |
|---|---|
| /s/ *R. F___ D___* | 255 Ide Road, Scituate, RI 02857 |

| Rhode Island Bar Number: 5977 | Office Telephone Number: 401.265.0310 | Date: 10/20/22 |

Superior-37 (revised June 2020)

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE COUNTY


R. Francis DiPrete,
Plaintiff

     v.

Selene Finance, LP,
Bendett & McHugh, PC, et alia,
Defendants


## **ORDER**

This matter came before the honorable _____

On October _____ , 2022

On the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction in the

terms of the Plaintiff's Motion.

After consideration thereof, it is hereby:

### ORDERED

1. The Defendant and their servants and agents shall cease forthwith all further foreclosure action or actions in this matter, pending further Order of this Court.

2. Any advertisement of foreclosure shall cease forthwith in regard to a November 14, 2022 foreclosure.

3. Plaintiff is authorized to serve notice of this Order to the Defendants via email to the ordinary email addresses of them as provided to him.


ORDER:                                   ENTRY DATE:



CLERK:                                   _____
                                         By:

STATE OF RHODE ISLAND        SUPERIOR COURT
PROVIDENCE COUNTY

R. Francis DiPrete,
Plaintiff

    v.

Selene Finance, LP,
Bendett & McHugh, PC, et alia,
Defendants

### MEMORANDUM OF LAW
### IN SUPPORT OF PLAINTIFF'S MOTION
### FOR TEMPORARY RESTRAINING ORDER

The facts of this case are clearly set out in the Complaint and Motion filed herein.

In support of his Motion, Plaintiff relies heavily on Justice Goldberg's Decision in the

2020 case of <u>Cesar A. Woel v. Christiana Trust</u> as Trustee for Stanowich Mortgage Loan Trust

Series 2017, et al., No. 2018-347-Appeal PM 16-921, Supreme Court of RI 2020. [Ex. "A"]

The <u>Woel</u> case considers the same fact pattern as the case at bar even down to the same

Noteholder (Christiana Trust) and the same loan servicer, Selene Finance, a Defendant in the

case at bar.

In her Decision, Judge Goldberg correctly states that where, "The Mortgagee's assertion

that the Mortgagors in this case were not prejudiced by any failure to comply with the provisions

of Paragraph 22 [attached as Exhibit "B"] misses the point. Paragraph 22 demands strict

compliance, regardless of the existence, or not, of prejudice to a particular mortgagor." Citing

<u>Pinti v. Emigrant Mortgage Company, Inc.</u> 33 N.E. 3d, (MASS 2015).

In addition, "Because the Default Notice failed to strictly comply with Paragraph 22,

Defendants failed to satisfy the condition precedent to a valid foreclosure. Accordingly,
we deem the foreclosure sale to be void."

<center>1</center>

we deem the foreclosure sale to be void."

Applying the <u>Woel</u> Decision's reasoning to the case at bar, were the foreclosure be allowed to occur, the Plaintiff would be in the shoes of Mr. Woel et al., presumably able to mount a similar legal attack on the wrongful foreclosure. By enjoining the foreclosure, the Court conserves resources, financial and otherwise and nips in the bud an unlawful process.

While this Memorandum relies heavily on the <u>Woel</u> Decision and the authorities and reasoning contained within it, because that case tracks nearly identically with the instant case, it is respectfully submitted that the <u>Woel</u> precedent is sufficient to entitle this Court to grant the relief sought.

Respectfully submitted,

R. Francis DiPrete, pro se
255 Ide Road; Scituate, RI 02857
RI Bar #: 5977

TEL.:          401.265.0310
EMAIL:      rfdlawr@aol.com

<u>CERTIFICATION:</u>

I hereby certify that on this 20th day of October, 2022, I filed this document and served this Document through the electronic filing system and sent same via US Mail to:

Selene Finance, LP, 9990 Richmond Ave, Houston, TX 77042
www.selenefinance.com

Bendett & McHugh, 270 Farmington Ave., Ste. 151, Farmington, CT 06032

2

EXHIBIT "A"
IN PLAINTIFFS
MEMORANDUM OF LAW



Woel v. Christiana Tr., No. 2018-347-Appeal., PM 16-921 (R.I. Jun 02, 2020)

## Cesar A. Woel

### v.

## Christiana Trust, as Trustee for Stanwich Mortgage Loan Trust Series 2017-17, et al.

### No. 2018-347-Appeal.
### PM 16-921

### Supreme Court of Rhode Island

### June 2, 2020

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Page 2

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**OPINION**

**Justice Goldberg, for the Court.** The plaintiff, Cesar Woel, appeals from a Superior Court order dismissing his complaint against the defendants, Christiana Trust, as Trustee for Stanwich Mortgage Loan Trust Series 2017-17, and Selene Finance (collectively defendants), and declaring that a foreclosure sale of the plaintiff's property was valid. The plaintiff argues that the foreclosure sale is void because the notice of default sent to him by the defendants failed to comply with the terms of the mortgage. Because we agree with this contention, we vacate the order of the Superior Court.

### Facts and Travel

The plaintiff purchased the property located at 152 Waldo Street in Providence in 2007. The plaintiff granted a mortgage on the property to Bank of America, N.A., to secure a $310,000 loan.[1] Bank of America later assigned the mortgage to Christiana Trust. Selene Finance acted as

Page 3

the servicer for the loan. Two provisions in plaintiff's mortgage are pertinent to this appeal: paragraph 19 and paragraph 22.

Paragraph 22 of plaintiff's mortgage, entitled "Acceleration; Remedies[,]" is a nonuniform covenant developed for Rhode Island mortgages.[2] According to paragraph 22, in the

Page 4

event of a default, the mortgagee must provide notice of default to the mortgagor *before* accelerating the note and conducting a foreclosure sale. Paragraph 22 also sets out certain information that must be included in the notice. Under paragraph 22, the notice of default must inform the mortgagor of:

(2) the action required to cure the default;

(3) the date by which the default must be cured;

(4) the fact that failure to cure the default by that date may result in acceleration of the loan and sale of the property;

(5) "*the right to reinstate after acceleration*" (emphasis added); and

(6) the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

Significantly, paragraph 22 mandates that the mortgagor be informed of the right to reinstate the mortgage after acceleration which, when accomplished, returns the mortgage to its pre-acceleration status and the monthly payments under the note.

Paragraph 19 of the mortgage, entitled "Borrower's Right to Reinstate After Acceleration[,]" sets out the conditions that must be satisfied to reinstate the mortgage after acceleration.[3] Under paragraph 19, the borrower may reinstate the mortgage prior to the earliest

Page 5

of: (1) "five days before sale of the Property pursuant to any power of sale contained in this Security Instrument;" (2) "such other period as Applicable Law might specify for the termination of Borrower's right to reinstate;" or (3) "entry of a judgment enforcing this Security Instrument." Paragraph 19 also sets out the following conditions that the mortgagor must satisfy in order to reinstate the mortgage after acceleration:

(1) pay the lender all sums due under the mortgage and the note as if no acceleration had occurred;

(2) cure any default of any other covenants or agreements;

(3) pay all expenses incurred in enforcing the mortgage—such as reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for purposes of protecting the lender's interest in the property; and

(4) take such action as reasonably required by the lender to assure that the lender's interest in the property and rights under the security instrument, and the borrower's obligation to pay the sums secured by the security instrument, will continue unchanged.

Page 6

Paragraph 19 further provides that "[u]pon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred."

In 2014, plaintiff became delinquent on the mortgage.[4] On July 9, 2014, Selene Finance sent a notice of default and intent to accelerate to plaintiff[5] The notice informed plaintiff that

Page 7

the mortgage was in default "for failure to pay amounts due[,]" and it stated, "[t]o cure this default, you must pay all amounts due under the terms of your Note and Deed of Trust/Mortgage." The notice also informed plaintiff that he had forty-five days to cure the default, and of the specific date by which the default must be cured. Additionally, the notice informed plaintiff that, if he did not cure the default by that date, the mortgagee would accelerate the note and foreclose on the property. Finally,

Page 73

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 10/20/2022 1:52 PM
Envelope: 3838640
Reviewer: Carol M.

"You have the right to cure the default after acceleration and the right to bring a court action to claim that your loan is not in default or any other defense to acceleration and sale that you may have." The notice did not inform plaintiff that he had the right to reinstate the mortgage after acceleration.

After plaintiff failed to cure the default, Selene Finance sent a notice of acceleration to plaintiff on October 14, 2014. The plaintiff's property was sold at foreclosure sale on December 14, 2015. The plaintiff filed suit in Superior Court, alleging that the foreclosure sale was void because the default notice was deficient, and seeking a declaration that plaintiff was the owner of the property located at 152 Waldo Street.[6] The plaintiff's claims—as well as the issues on appeal—centered on whether the notice of default complied with paragraph 22. The plaintiff alleged that the foreclosure sale was void because he did not receive proper notice of default in accordance with paragraph 22. The plaintiff contended that the default notice failed to inform him of his right to reinstate after acceleration. Because the notice failed to inform him of his

Page 8

right to reinstate the mortgage after acceleration as required by paragraph 22, plaintiff argued, the notice was insufficient, thus rendering the foreclosure sale void.

The defendants filed a motion to dismiss the complaint, which was later converted into a motion for summary judgment. On November 29, 2017, a justice of the Superior Court denied defendants' motion, concluding that questions of fact remained as to whether the default notice complied with paragraph 22 of the mortgage. The trial justice determined that the "right to reinstate after acceleration" is not equivalent to the "right to cure the default after acceleration[,]" because curing the default is only one of multiple steps that must be taken to reinstate after acceleration.

A few months later, defendants sought declaratory relief, contending that the default notice sent to plaintiff complied with the terms of the mortgage.[7] The plaintiff objected to that motion and filed a motion for summary judgment. On June 29, 2018, a second trial justice granted defendants' motion for a declaratory judgment and denied plaintiff's motion for summary judgment. The second trial justice ruled that the default notice complied with paragraph 22 because it informed plaintiff of the right to cure the default after acceleration and the failure to use the word "reinstate" in the default notice did not render it deficient. An order entered on August 21, 2018, dismissing plaintiff's complaint, declaring the foreclosure sale valid, and declaring Christiana Trust the valid owner of 152 Waldo Street; plaintiff filed a timely appeal.[8]

Page 9

### Standard of Review

This Court reviews a grant of summary judgment *de novo*. *Beacon Mutual Insurance Company v. Spino Brothers, Inc.*, 11 A.3d 645, 648 (R.I. 2011). "We view the evidence in the light most favorable to the nonmoving party; and, 'if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law,' we will affirm the judgment." *Allstate Insurance Company v. Ahlquist*, 59 A.3d 95, 97 (R.I. 2013) (brackets omitted) (quoting *Berman v. Sitrin*, 991 A.2d 1038, 1043 (R.I. 2010)).

### Analysis

On appeal, plaintiff argues that the trial justice erred in denying his motion for summary judgment and in granting defendants' motion for a declaratory judgment because the default notice failed to strictly comply with the requirements contained in paragraph 22 as a condition precedent to a valid foreclosure sale. The plaintiff reasons that the default notice failed to strictly comply with paragraph 22 because it did not inform him of the right to reinstate after acceleration. The plaintiff therefore contends that the foreclosure sale is void.

The defendants counter that the trial justice correctly ruled that the default notice complied with paragraph 22 because informing plaintiff of "the right to cure the default after acceleration" was tantamount to informing him of "the right to reinstate after acceleration." The defendants reason

paragraph 19, curing the default was the only condition that plaintiff would have needed to satisfy in order to reinstate the mortgage after acceleration.

Because this case presents a matter of first impression, we must first determine the appropriate standard to apply.[9] In Rhode Island, upon default in the performance of the

Page 10

mortgage, a mortgagee may conduct a foreclosure sale of the property by exercising the statutory power of sale contained in G.L. 1956 § 34-11-22, so long as the mortgage contract itself gives the mortgagee the power to do so.[10] *See Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069, 1084 (R.I. 2013) ("[T]he right to exercise the power of sale in a mortgage is derived from contract, not statute."). "[W]hether a contract is clear and unambiguous is a question of law." *Beacon Mutual Insurance Company*, 11 A.3d at 648. "A term in a contract is ambiguous when it is reasonably and clearly susceptible to more than one rational interpretation." *Chariho Regional School District v. State*, 207 A.3d 1007, 1015 (R.I. 2019) (quoting *Botelho v. City of Pawtucket School Department*, 130 A.3d 172, 176 (R.I. 2016)). In evaluating whether contract language is ambiguous, "we give words their plain, ordinary, and usual meaning." *Id.* (quoting *Botelho*, 130 A.3d at 176). The Court considers "the intent expressed by the language of the contract[,]" but we do not consider the subjective intent of the parties. *Id.* (quoting *Botelho*, 130 A.3d at 176). If a contractual provision is ambiguous, "the construction of that provision is a question of *fact*." *Id* (quoting *Haviland v. Simmons*, 45 A.3d 1246, 1259 (R.I. 2012)).

This Court has construed notice requirements contained in contracts as requiring strict compliance as a condition precedent. In *Cinq-Mars v. Travelers Insurance Company*, 100 R.I.

Page 11

603, 218 A.2d 467 (1966), we held that compliance with a notice provision contained in an insurance policy, which required the insured to provide the insurer with written notice of an accident "as soon as practicable[,]" was a condition precedent to the insurer's liability. *Cinq-Mars*, 100 R.I. at 610, 218 A.2d at 471 (quoting *Sherwood Ice Co. v. United States Casualty Co.*, 40 R.I. 268, 273, 100 A. 572, 574 (1917)); *see Hedco, LTD. v. Blanchette*, 763 A.2d 639, 642-43 (R.I. 2000) (holding that strict compliance with a notice of termination requirement contained in a federal regulation was a condition precedent to maintaining a trespass and eviction action against a tenant living in federally subsidized housing).

In this case, by assuming the mortgage contract from Bank of America, defendants were bound to comply with its terms. *See Martins v. Federal Housing Finance Agency*, 214 F. Supp. 3d 163, 169 (D.R.I. 2016) ("Simply put, if a mortgagee agrees to give a certain notice before a foreclosure, * * * [t]he mortgagee must do that which it agreed."); *In re Demers*, 511 B.R. 233, 238 (Bankr. D.R.I. 2014) ("[A] mortgagee has a duty to comply with the terms and conditions of the documents that it drafted."). Paragraph 22 of the mortgage contract clearly and unambiguously required that, "prior to acceleration[,]" the mortgage must provide notice of default to the mortgagor and include certain information within that notice, including informing the mortgagor of "the right to reinstate after acceleration[.]" As a matter of contract law, strict compliance with the requirements contained in paragraph 22 is a condition precedent to acceleration and a valid foreclosure sale.

What is more, strict compliance with the notice requirements in a mortgage is especially important given that Rhode Island is a nonjudicial foreclosure state. Because mortgagees in Rhode Island may accelerate the mortgage and conduct a foreclosure sale without immediate judicial oversight, a strict compliance standard concerning the notice requirements prevents

Page 12

mortgagees from accelerating and foreclosing without first providing a notice of default that adequately informs the mortgagor of his or her rights under the mortgage contract. Strict compliance with paragraph 22 is essential to ensuring that mortgagors are fully informed of their rights and will

... default notice provided by a mortgagee.[11]

Having determined the appropriate standard to apply in this case, we turn to whether the default notice strictly complied with paragraph 22 as a condition precedent to a valid foreclosure. Although we have not yet confronted this issue, the opinion of the Supreme Judicial Court of Massachusetts in *Pinti v. Emigrant Mortgage Company, Inc.*, 33 N.E.3d 1213 (Mass. 2015), is instructive. *See Pinti*, 33 N.E.3d at 1217-18. In *Pinti*, the notice of default provided that the mortgagor had "*the right to assert in any lawsuit for foreclosure and sale the nonexistence of a default or any other defense they may have to acceleration and foreclosure and sale*[.]" *Id.* at 1215-16 (brackets omitted). The issue was whether the notice of default strictly complied with paragraph 22 of the mortgage in that case, which mirrors that of plaintiff's mortgage in the present case. *Id.* at 1217. The court held that the notice failed to strictly comply with paragraph 22 because it did not inform the mortgagor of his or her "right, and need, to *initiate* a legal action if they seek to challenge the validity of the foreclosure." *Id.* at 1222-23. The court soundly reasoned that mortgagors could be misled into thinking that they had no need to initiate a lawsuit against the mortgagee and could instead advance a claim or defense in response to a lawsuit initiated by the mortgagee. *Id.* at 1222.[12]

Page 13

In this case, the default notice failed to inform plaintiff of the right to reinstate the mortgage after acceleration. Paragraph 22 provides that the default notice "shall" inform plaintiff "of the *right to reinstate* after acceleration[.]" (Emphasis added.) The default notice in this case, however, provided: "You have the *right to cure* the default after acceleration[.]" (Emphasis added.) These terms are not synonyms; yet a fair reading of the default notice suggests that, if plaintiff cured the default after acceleration, the mortgage would be reinstated. This is misleading, inaccurate, and, at best, incomplete.

The language in paragraphs 19 and 22 illustrates the distinction between curing the default after acceleration and reinstating the mortgage after acceleration. Paragraph 22 explains that "the right to cure" is the mortgagor's right to pay the pre-acceleration default amount owed and thus be protected from acceleration. If the mortgagor fails to cure, then the mortgagee may accelerate the note, with the entire amount of the note immediately due and owing—not just the pre-acceleration default amount. The mortgagor may reinstate the mortgage—which would return the mortgage to its pre-acceleration status with monthly payments—by satisfying the four conditions set out in paragraph 19. Under paragraph 19, to reinstate the mortgage after acceleration, the mortgagor must: (1) cure the default; (2) cure any default of any other covenant or agreement in the mortgage; (3) pay any expenses incurred in enforcing the security instrument, including, for example, reasonable attorneys' fees and property inspection and valuation fees; and (4) take any action as reasonably required by the mortgagee to protect its interest in the mortgage.

Page 14

Informing plaintiff in a notice of default and intent to accelerate of the "right to *cure* the default after acceleration" is not equivalent to informing him of "the right to *reinstate* after acceleration[,]" because curing the default is only one component of reinstating the mortgage after acceleration under paragraph 19. Indeed, had plaintiff cured the default after acceleration as the default notice stated— by paying the pre-acceleration amount owed—the mortgage would not have been reinstated, and the entire balance of the loan would remain immediately due and owing. Accordingly, we conclude that the default notice "significantly, and inexcusably, differed from, watered down, and overshadowed the notice that was contractually and legally required" by paragraph 22 of the mortgage. *Federal National Mortgage Association v. Marroquin*, 74 N.E.3d 592, 595 (Mass. 2017) (deletion omitted).

Nonetheless, defendants argue that, based on the particular facts of this case, the terms are equivalent because curing the default was the only condition that plaintiff would have had to satisfy to reinstate the mortgage under paragraph 19. Indeed, defendants assert that there is nothing in the record to support an inference that plaintiff's default consisted of anything other than his failure to

Case Number: PM-2022-06087
Filed in Providence/Bristol County Superior Court
Submitted: 10/20/2022 1:52 PM
Envelope: 3838640
Reviewer: Carol M.

complied with paragraph 22 because it informed plaintiff of the right to cure the default after acceleration. We disagree.

In *Hedco*, cited *supra*, a case involving an eviction action against a tenant living in federally subsidized housing, we were tasked with determining whether a termination notice strictly complied with applicable federal regulations. *Hedco*, 763 A.2d at 642-43. We explained that, in evaluating the sufficiency of the notice, "the important factor is whether the statute has been complied with and not whether the tenant has been misled by the notice given." *Id.* at 642 (quoting *Tate v. Peter Charles Reynolds, Inc.*, 622 A.2d 449, 450 (R.I. 1993)). Moreover, as the

Page 15

*Pinti* court explained: "The [mortgagee's] assertion that the [mortgagors] in this case were not prejudiced by any failure to comply with the provisions of paragraph 22 misses the point. Paragraph 22 demands strict compliance, regardless of the existence, or not, of prejudice to a particular mortgagor." *Pinti*, 33 N.E.3d at 1223 n.20. This reasoning applies to the case at bar. Whether curing the default was the only unsatisfied condition under paragraph 19 is not relevant to our analysis in this appeal. We look to the content of the default notice itself, not the particular facts related to the mortgagor.

In sum, the default notice failed to strictly comply with paragraph 22 because it failed to inform plaintiff of the right to reinstate after acceleration. Because the default notice failed to strictly comply with paragraph 22, defendants failed to satisfy the condition precedent to a valid foreclosure. Accordingly, we deem the foreclosure sale to be void.

The potential impact this new rule of law could have on the finality of foreclosures has not escaped us. To the extent that this opinion is viewed as a new rule of law, it is to be given prospective effect. *See State v. Arpin*, 122 R.I. 643, 657, 410 A.2d 1340, 1347 (1980) (explaining that, in the past, the Court "has chosen to apply new rules of law in the manner best suited to serve the interests of justice and to avoid hardship"). Specifically, the pronouncement in this opinion applies to the case at bar and to cases pending in the Superior Court in which this specific issue has been, or may be, raised.

### Conclusion

For the reasons set forth in this opinion, we vacate the order of the Superior Court and remand this case to the Superior Court.

Page 16

### Attorney(s) on Appeal

For Plaintiff:

Todd S. Dion, Esq.

For Defendants:

John S. McNicholas, Esq.

--------

Footnotes:

[1] The plaintiff's mortgage was documented on the standard form mortgage provided by the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac). The standard form mortgage contains several uniform covenants that are applicable in every state, as well as nonuniform covenants that are designed for nonjudicial foreclosure states such as Rhode Island and Massachusetts. *See Pinti v. Emigrant Mortgage Company, Inc.*, 33 N.E.3d 1213, 1221 n.16 (Mass. 2015).

[2] Paragraph 22 of the mortgage provides, in full:

notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument * * *. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

"If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

3. Paragraph 19 provides:

"If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18."

4. At a Superior Court hearing in June 2018, plaintiff admitted that he had not paid the mortgage for several years; defendants asserted that plaintiff had not paid the mortgage since 2010.

5. The notice of default and intent to accelerate provided, in pertinent part, as follows:

LP ('Selene'), on behalf of the owner and holder of your mortgage loan, and in accordance with the referenced Deed of Trust/Mortgage and applicable state laws, provides you with formal notice of the following:

"The mortgage loan associated with the referenced Deed of Trust/Mortgage is in default for failure to pay amounts due.

"*To cure this default*, you must pay all amounts due under the terms of your Note and Deed of Trust/Mortgage. As of 07/09/2014 your loan is due for 01/01/2013 and the total amount necessary to cure your default is $33,209.94[.]

"* * *

"*If you have not cured the default within forty-five (45)* [sic] *of this notice, Selene will accelerate* the maturity date of the Note and declare all outstanding amounts under the Note immediately due and payable. Your property that is collateral for the Note may then be scheduled for foreclosure in accordance with the terms of the Deed of Trust/Mortgage and applicable state laws.

"The total amount you must pay to cure the default stated above must be received by 08/23/2014.

"Note that between the date this letter was issued and 08/23/2014 additional regularly scheduled monthly payments, charges, costs and fees may become due. For the exact amount you must pay to cure your default please contact our office[.]

"* * *

"*You have the right to cure the default after acceleration and the right to bring a court action to claim that your loan is not in default or any other defense to acceleration and sale that you may have.* This notice remains in effect until the default is cured." (Emphasis added.)

⁶ The record reveals that a third party, Kaimanes Home Improvement, LLC, moved to intervene in the case, asserting that it had entered into a purchase and sale agreement with Christiana Trust for the property located at 152 Waldo Street and that the sale was thwarted by plaintiff's claims. The Superior Court heard and granted the motion to intervene on August 5, 2016, but an order was never entered, and Kaimanes Home Improvement is not listed as a party to this case.

⁷ Although this was characterized as a "Motion for Declaratory Judgment" under Rule 57 of the Superior Court Rules of Civil Procedure, there was no complaint or claims by defendants seeking declaratory relief pending before the court, but plaintiff failed to raise this to the attention of the trial justice. We therefore treat this as a motion for summary judgment.

⁸ The plaintiff also sought emergency relief from this Court to prohibit defendants from evicting him from the property during the pendency of this appeal. This Court denied that request.

⁹ We acknowledge that the federal courts in Rhode Island have confronted this issue on numerous occasions. *See Aubee v. Selene Finance, LP*, C.A. No. 19-37WES, 2019 WL 7282019 (D.R.I. Dec. 27, 2019); *Martins v. Federal Housing Finance Agency*, 214 F. Supp. 3d 163 (D.R.I. 2016); *In re Demers*, 511 B.R. 233 (Bankr. D.R.I. 2014). Although this Court has not addressed the issue, the federal courts, when charged with applying Rhode Island law, have assumed that strict compliance with paragraph 22 is a condition precedent to a valid foreclosure. *See Aubee*, 2019 WL 7282019, at *4; *Martins*, 214 F. Supp. 3d at 169; *In re Demers*, 511 B.R. at 239. They were correct.

¹⁰ This Court has recognized contractual power of sale since 1895, whereas the General Assembly enacted G.L. 1956 § 34-11-22 in 1927. *See Thurber v. Carpenter*, 18 R.I. 782, 784, 31 A. 5, 6 (1895); *see also Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069, 1085 (R.I. 2013). Because the right to exercise the power of sale is derived from the mortgage contract itself, a mortgage is not required to include the statutory power of sale provision contained in § 34-11-22, which merely provides that the provision "*may* be incorporated in any mortgage by reference[.]" *Bucci*, 68 A.3d at 1085 (quoting § 34-11-22).

¹¹ Other states, including Massachusetts, Alabama, and Minnesota, also require strict compliance with paragraph 22 as a condition precedent to a valid foreclosure. *See, e.g., Ex parte Turner*, 254 So. 3d 207, 212 (Ala. 2017); *Pinti*, 33 N.E.3d at 1221 n.16; *Ruiz v. 1st Fidelity Loan Servicing, LLC*, 829 N.W.2d 53, 58 (Minn. 2013).

¹² The United States Court of Appeals for the First Circuit relied on *Pinti*, cited *supra*, in *Thompson v. JPMorgan Chase Bank, N.A.*, 915 F.3d 801 (1st Cir. 2019) (*Thompson I*). *Thompson I*, 915 F.3d at 804-05. The First Circuit later vacated that decision and certified a question to the Supreme Judicial Court of Massachusetts because, in its petition for panel rehearing *en banc*, the mortgagee, for the first time, claimed that a Massachusetts banking regulation required the mortgagee to use the same language that it used in its notice of default. *Thompson v. JPMorgan Chase, N.A.*, 931 F.3d 109, 110, 111 (1st Cir. 2019) (*Thompson II*). As of this opinion, *Thompson II* remains pending. Regardless, it does not apply to this case.

--------

STATE OF RHODE ISLAND            SUPERIOR COURT
PROVIDENCE COUNTY

R. Francis DiPrete,
Plaintiff
     v.

Selene Finance, LP,
Bendett & McHugh, PC, et alia,
Defendants

### PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### STATEMENT OF THE CASE:

Plaintiff R. Francis DiPrete, Mortgagor, moves pursuant to Superior Court Rule of Civil Procedure § 65, et alia, for a temporary restraining order and thereafter, preliminary injunction. The Plaintiff seeks immediate injunctive relief:

(1) Because the Defendant Mortgagee has begun foreclosure proceedings, despite the fact that Defendant is acting in violation of RIGL § 34-27-3.2, et alia and accordingly, is not entitled to foreclose; and,

(2) Because the Mortgagee has failed to give Notice to the Plaintiff pursuant to Sections 19 & 22 of the subject Mortgage which said notice is mandatory; and,

(3) Because the wrongful advertising of foreclosure is causing reputational harm to the Plaintiff in his professional capacity.

### II. RELIEF SOUGHT:

1. For the reasons set out in the accompanying Memorandum of Law, your Plaintiff moves this Court to immediately enjoin all aspects of the foreclosure action by the Defendants pending Mediation.

1

2. That the placement of advertising of this foreclosure in the local newspapers be withdrawn immediately.

3. That the Superior Court Case underlying this Motion be continued (stayed) until the legally-required Mediation is complete.

4. That the Defendants be ordered to enter into Mediation with the Plaintiff as required.

5. That a Restraining Order and/or Preliminary Injunction issue and remain in force until after trial to determine the validity or invalidity of the current foreclosure process.

6. Such other relief as this Court deems equitable, just and proper.

Respectfully submitted

R. Francis DiPrete, pro se
255 Ide Road; Scituate, RI 02857
RI Bar #: 5977

TEL.: 401.265.0310
EMAIL: rfdlawr@aol.com

CERTIFICATION:

I hereby certify that on this 20th day of October, 2022, I filed this document and served this Document through the electronic filing system and sent same via US Mail to:

Selene Finance, LP, 9990 Richmond Ave, Houston, TX 77042
www.selenefinance.com

Bendett & McHugh, 270 Farmington Ave., Ste. 151, Farmington, CT 06032

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE COUNTY


R. Francis DiPrete,
Plaintiff

      v.

Selene Finance, LP,
Bendett & McHugh, PC, et alia,
Defendants


## COMPLAINT FOR ORDINARY AND EQUITABLE RELIEF


I. BACKGROUND:

    R. Francis DiPrete, Plaintiff, is the mortgagor on a mortgage originated with Bank of America in 2003. Selene Finance, LP is the current loan servicer on this Note for Christiana Trust. Bendett & McHugh are loan collectors and the foreclosure agents for Selene.

    The Noteholder, through its agents, Selene et al. have been threatening foreclosure for years and recently, despite well-founded objections made known to Selene by the Plaintiff, has advertised the foreclosure sale. Selene advertised the Plaintiff's property for foreclosure on Thursday October 13, 2022 and has plans to do so on October 20, 2022, and October 27, 2022. The foreclosure date is advertised for November 14, 2022.

    The Defendants have failed to comply with the strict provisions of Rhode Island Foreclosure procedures as required. Specifically, the Defendants failed to enter Mediation before commencing foreclosure proceedings as required by § 34-27-3-2. As a result, the Defendants are liable to the Plaintiff for violation of that statute under which Plaintiff may be entitled to a $125,000 offset from the amount alleged owed.

    At no time during this dispute did the Plaintiff receive from Selene any Notice in terms remotely similar to those deemed indispensable requirements as articulated by Justice Goldberg in the Woel Decision (*infra*). Defendants' Notice of Foreclosure failed to strictly comply with the provisions of Sections 19 and 22 of the mortgage instruments.

1

## II. PARTIES, JURISDICTION, VENUE:

1. Plaintiff R. Francis DiPrete is a natural person and domiciliary of 255 Ide Road, Scituate, RI 02857.

2. Defendant Selene Financial, LP, is the designated loan servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust, with an actual mailing address of 9990 Richmond Avenue, Houston, TX 77042 and an address for service in this state c/o the Secretary of State.

3. Defendant Bendett & HcHugh are a Connecticut collection agency and the foreclosure agent/law firm and are the attorneys for Selene and the Mortgagee with an address for service at 270 Farmington Avenue, Ste. 151, Framington, CT 06032. A written request was sent to Bendett & McHugh by the Plaintiff asking whether it was the acting agent for service for Seterus on October 4, 2022; however, no response has been received to that inquiry.

## III. INDIVIDUAL CLAIMS:

<div align="center">

### COUNT I:
### FAILURE TO COMPLY WITH FORECLOSURE STATUTE § 34-27-3.2:

</div>

4. The prior paragraphs are herein under incorporated.

5. RIGL § 34-27-3.2 requires that the Mortgagee or its agent, prior to initiating foreclosure, must afford the Mortgagor the opportunity to Mediate the dispute. This requirement has not been met by the Mortgagee.

6. The Statute specifically provides that where the loan goes into default after May 16, 2013, mediation is a requirement before further action to foreclose is taken. The date of the so-called "entry into default" in the instant case is undocumented but is believed to be sometime in 2015 or 2016.

7. In the instant case, neither Selene nor Bendett & McHugh nor any servant nor agent of theirs made known to the Mortgagor the requirement to Mediate, nor an opportunity to do so.

8. Failure to offer Mediation renders the foreclosure invalid and the Mortgagee is also subject to penalties up to $125,000 for violation of this statute. Any such penalty proceed would

<div align="center">2</div>

be an offset to the amount allegedly owed. As such, faced with this violation, the Defendants cannot, as required by law, delineate the amount owed by the Mortgagor with certainty, a prerequisite to noticing foreclosure. [See generally <u>Cesar A. Woel v. Christiana Trust, Trustee,</u> No. 2018-347-Appeal, PM 16-921 (RI 2020)]

9. The clear intent of RIGL § 34-27-3.2 is to assure that the Mortgagor has the opportunity to challenge the accuracy of the Mortgagee's calculation as well as to raise other arguments against the foreclosure action.

Wherefore, the Plaintiff prays this Court for the following relief:

a) An immediate Temporary Restraining Order and/or Injunction staying this case at least until Mediation has been completed, and until trial has taken place to determine the propriety of the Defendants' foreclosure attempt.

b) Imposition of the penalties provided for in RIGL § 34-27-3.2.

c) Reimbursement of Courts costs, clerk and office expenses.

d) Such further relief this Court deems fit and appropriate.

<div align="center">

COUNT II:
FAILURE TO COMPLY WITH PLAINTIFF'S MORTGAGE
EXPRESS REQUIREMENTS:

</div>

10. Paragraphs 1-9 are herein incorporated by reference.

11. The Plaintiff granted a mortgage on his home to Bank of America on May 1, 2003 to secure a loan of $174,000.

12. Selene Finance is the current servicer of this loan.

13. Paragraph 19 of the Mortgage provides (in part);

(b) *"such other period as Applicable Law might specify for the termination of Borrower's right to reinstate."*

A copy of Paragraph 19 of the Mortgage is attached hereto as Exhibit "A".

14. Paragraph 22 of the Mortgage provides (in part):

*" . . . and the Property shall be sold in the manner prescribed by Applicable Law."*

<div align="center">3</div>

A copy of Paragraph 22 of the Mortgage is attached hereto as Exhibit "B".

15. At no time did any Defendant nor any of its predecessors in interest, nor any of its present day servants or agents give the Plaintiff a Notice of Default or a Notice of Intent to Accelerate that complied with the requirements of Paragraphs 19 & 22 of the Mortgage.

16. At no time did any Defendant nor any of its predecessors in interest, nor any of its present day servants or agents give the Plaintiff a Notice of his Right to Reinstate after the acceleration.

Wherefore, the Plaintiff moves this Court to Relief as follows:

a) A Temporary Restraining Order and/or Preliminary Injunction until after trial to determine whether or not the instant foreclosure attempt is valid or void.

b) Such further relief as this Court deems proper.

## COUNT III.
### FAILURE TO HONOR LOAN MODIFICATION AGREEMENT:

17. Paragraphs 1-16 are incorporated herein by reference.

18. In September 2021, Plaintiff entered into a Mortgage Modification Agreement with the Defendants. In accordance with that agreement, Plaintiff made three consecutive and timely monthly mortgage payments in the amount of $2,067.94. These payments were made on September 28, 2021, October 28, 2021, and December 3, 2021, and the Plaintiff was in full compliance with his obligations. After these payments were made, for unknown reasons, the Defendants pulled the plug on the agreement without any explanation of statement of a reason for their action. It appears that these payments have not been credited against the monies allegedly owed under the mortgage as recently stated by the Defendants.

Wherefore, Plaintiff moves this Court to award damages and relief as follows:

a) Damages for breach of contract.

b) Money Damages for unfair and deceptive business acts or practices.

c) Allow Plaintiff to make application (via briefing) for Punitive Damages after the

4

liability issue is resolved.

d) Any further relief this Court deems proper and just.

## COUNT IV.
## BREACH OF COVENANTS OF GOOD FAITH AND FAIR DEALING

19. Paragraphs 1-18 are hereby incorporated by reference.

20. As the foregoing Paragraphs communicate, throughout their dealing with the Plaintiff, Defendant Selene, a foreign corporation, and Bendett & McHugh, a law firm and debt collector headquartered in the State of Connecticut, have illustrated a callous disregard for a Rhode Island consumer/Mortgagor and a customer of the Defendant lender.

21. Throughout their interaction, Defendants have failed to comply with Rhode Island's requirements of good faith and fair dealing, as indicated in the Pleadings (hereinabove).

22. As recorded in the 2020 case of Woel, supra, the instant Defendant Selene Financial has failed to honor its legal and ethical obligations to this Plaintiff in much the same way as it mistreated Mr. Woel.

23. On the date of August 27, 2021, Plaintiff wrote to Bendett & McHugh asking what Selene claimed was owed under the Mortgage. The response to this inquiry did not arrive until nearly *one year later* (letter dated August 5, 2022). This delay is not consistent with competence, fair dealing nor good faith. [See Exhibits "C" and "D" respectively.]

Wherefore, Plaintiff moves this Court to award damages and relief as follows:

a) Money damages for the many breaches of the covenants herein stated.

b) Voiding the mortgage at issue in its entirety.

c) Any further relief this Court deems proper and just.

## COUNT V.
## UNJUST ENRICHMENT:

24. Paragraphs 1-23 are hereby incorporated by reference.

5

25. On information and belief, the Defendant Noteholder obtained his Mortgage through the FED from the loan originator, Bank of America. As a result of the Settlement Agreement that the Government made with Bank of America, each BoA mortgagor was to receive a reduction in principal; however, the Plaintiff has no knowledge of this reduction being applied to his loan. As a consequence, the amount stated as owing by the Defendants is likely erroneous. Moreover, if the principal reduction rightfully due the Plaintiff was not made, that amount is being wrongfully being compounded into the outstanding balance claimed by the Defendants. As stated in <u>Woel</u>, *supra*, the obligations owed to the borrower by the original lender obligate Selene as well.

26. Because the loan was transferred to the Noteholder, whether directly or indirectly, at an extreme discount through government intervention, the Plaintiff is entitled to know what the Defendant Noteholder paid for his Mortgage and the rights thereunder.

27. Persistently and on numerous occasions the Plaintiff has asked the Defendants what was paid for his Mortgage, without success or any response at all.

28. Throughout its ownership of the Mortgage, the Defendant Noteholder has continued to charge the Plaintiff 6.675% interest, even throughout the years when market mortgage interest rates were closer to 3.00%.

29. During Loan Modification discussions the Plaintiff offered a settlement with the Defendant Lender which included a rate reduction. Offers for settlement with the Lender were never responded to by any Defendant.

30. Because the Plaintiff has no information what the present Noteholder paid for his Mortgage, and because the present Noteholder, et al. have refused to furnish this information to him, Plaintiff is unable at this time to fully articulate his claim for Unjust Enrichment. Wherefore, Plaintiff moves this Court to award damages and relief as follows:

a) That the Defendant Noteholder be ordered to disclose the purchase amount paid for the Plaintiff's Mortgage.

b) Granting leave to the Plaintiff to amend his Unjust Enrichment Claim as more information becomes available to him.

c) Any further relief this Court deems proper and just.

6

Respectfully submitted,

R. Francis DiPrete, pro se
255 Ide Road; Scituate, RI 02857
RI Bar #: 5977

TEL.:          401.265.0310
EMAIL:       rfdlawr@aol.com

CERTIFICATION:

I hereby certify that on this 20th day of October, 2022, I filed this document and served this Document through the electronic filing system and sent same via US Mail to:

Selene Finance, LP, 9990 Richmond Ave, Houston, TX 77042
www.selenefinance.com

Bendett & McHugh, 270 Farmington Ave., Ste. 151, Farmington, CT 06032

7

BK234 PG1049



EXHIBIT "A" IN
PLAINTIFF'S COMPLAINT

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

BK234 PG1051



NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. No Outstanding Automatic Orders in Domestic Relations Cases.** Borrower hereby represents and warrants to Lender that either (a) there is no outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against any Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation or (b) there is an outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against a Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, and the other party that is subject to such order has consented to, or the court which issued the automatic order has issued another order authorizing, such Borrower's execution of the Note and this Security Instrument.

**25. Homestead Estate.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

03-04-01-000042

Initials: _____

-6A(RI) (0204)    Page 13 of 15    Form 3040  1/01

EXHIBIT "C" IN
PLAINTIFF'S COMPLAINT

## R. FRANCIS DiPRETE

255 Ide Road
Scituate, RI 02857

(401) 647-3177
rfdlawr@aol.com

August 27, 2021

Rita Tabraham, Esq.
Bendett & McHugh, PC
270 Farmington Ave., Ste. 151
Farmington, CT 06032

RE:     Your Client:     Selene Finance

Dear Attorney Tabraham,

I am writing in regard to your letter to me of August 17, 2021.

Please be advised that I am in the process of loan modification with Selene directly. I have agreed to make trial payments beginning today, August 27, 2021 (the payment being due on September 1, 2021).

In the past, on more than one occasion, foreclosure was advertised on my property; however, these attempts to foreclose had to be terminated because the lenders paperwork was incomplete or incorrect prior to the commencement of advertisement. I mention these events because, I believe that costs for these improper foreclosure attempts were added to my "account" with Selene and should be deducted.

At one time I recall speaking with someone either at Selene Finance or one of its attorneys on this matter. At that time, it was suggested that I would accept a flat deduction from my account in the amount of $15-25,000 in lieu of my taking action on those inaccuracies and to arrive at a mutually acceptable balance amount.

In the meantime, I have been advised that I should request from Selene what it paid FNMA for my mortgage. My understanding is that some mortgagors have been granted substantial account balance reductions in order to avoid claims of unjust enrichment against Selene and other similarly situated investors.

I look forward to negotiating a settlement with Selene on these amounts in question. Because of the plethora of complicated financial and legal documents associated with a loan such as mine, a one-time global discount appears the most efficient means to settle what is owed and agreeing on terms for repayment. Perhaps we can include an incentive for me to accelerate repayment of the loan principal, once that is agreed upon.

I thank you for your assistance in this matter and eagerly await receipt of the purchase price paid by Selene to become holder of the note, or agent thereof.

Very truly yours,

R. Francis DiPrete

PROVIDENCE RI 028

27 AUG 2021 PM 5 L

RECEIVED
AUG 3 0 2021
By_____

Rita Tabraham, Esq.
Bendett & McHugh, PC
270 Farmington Ave., Ste. 151
Farmington, CT 06032

06032-192626

R. Francis DiPrete
255 Ide Road
Scituate, RI 02857

EXHIBIT D IN
PLAINTIFF'S COMPLAINT

# BENDETT & McHUGH, P.C.
## ATTORNEYS AT LAW

August 5, 2022

**VIA CERTIFIED MAIL**

R. Francis Diprete
255 Ide Road
Scituate, RI 02857

Re:  Loan Number XXXXXX8071
     Property Address: 255 Ide Road, Scituate, RI 02857
     BMPC File Number: 5603FC-20212028

Dear R. Francis Diprete:

NOTICE: THE LAW FIRM OF BENDETT AND MCHUGH, PC IS A DEBT COLLECTOR
AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL
BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A
DISCHARGE IN BANKRUPTCY THAT DISCHARGED THIS DEBT, THIS
CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN
ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF A LIEN AGAINST
PROPERTY

Please note that our office is in receipt of your Request for Validation of the Debt dated August
27, 2021. This letter will serve as our client's response to said request. Please note that the
**Original Lender** was People's Mortgage Corporation N/k/a NHB Bank, with a mailing address
of 7800 East Orchard Road, Suite, 200, Greenwood Village, CO 80111. Selene Finance, L.P. is
the servicer of the subject Note and Mortgage and has forwarded this account to our office for
foreclosure of the property referenced above.

It is our understanding that you intend to pay off this loan at a future date. **If you pay off the
loan by August 31, 2022, we estimate that the payoff amount will be calculated to be
$315,312.23 as follows**:

| | | |
|---|---|---|
| Principal | = | $141,364.10 |
| Interest Due @ 5.6250 % ($12.27 per diem) | = | $70,829.59 |
| Past Due Late Charges | = | $40.04 |
| NSF Charges | = | $0.00 |
| Property Inspections/Preservation | = | $0.00 |
| Escrow Balance Due | = | $86,021.99 |
| Bank Appraisal or BPO (Brokers Price Opinion) | = | $0.00 |
| Corporate Advance | = | $17,875.16 |
| Recording Fee | = | $49.00 |
| Pending Taxes | = | $1,698.01 |
| Pending Hazard | = | $142.94 |
| Less Funds in Suspense | = | ($4,336.18) |
| Legal fees/costs through today's date | = | $1,500.00 |

270 FARMINGTON AVENUE, SUITE 151 •FARMINGTON, CONNECTICUT 06032 • TEL (800) 626-5441 • TDD/TYY PLEASE FIRST DIAL 711

| | | |
|---|---|---|
| Anticipated Additional Legal Fees/Costs through **August 31, 2022** | = | $0.00 |
| **Total estimated Payoff Amount due as of August 31, 2022** | | **$315,184.65** |

If you wish to pay off your loan after **August 31, 2022**, you must contact us for a new payoff amount. Please call us when you actually are ready to pay off your loan so that we can give you the current payoff amount at that time. This will ensure that the amount you remit is as accurate as possible. Please keep in mind that we must obtain information from the mortgage servicer to provide you with the requested information and we will notify you of the updated payoff amount as soon as we receive the information. Please be advised that the payoff amount is subject to final verification by the Noteholder. You will be responsible for reimbursing the Noteholder if it pays other taxes, insurance or other miscellaneous expenses allowed by law.

If you are moving or no longer live at the property, please provide us with a new address. If your payment made pursuant to this letter is greater than the amount you owe, you will receive a refund via regular mail.

There may be other options available to help you avoid foreclosure. You may contact your lender to discuss these options.

**Do not send your funds to us. Remit funds directly to Selene Finance L.P.**

> **Payments - Regular Mail**
> Selene Finance LP
> P.O. Box 71243
> Philadelphia, PA 19176-6243

> **Payments - Overnight Delivery**
> Lockbox Processing
> Selene Finance LP
> F/S Global Lockbox
> 100 Grove Road, Suite 6
> West Deptford, NJ 08066

For assistance please refer **Selene Finance, L.P. Customer Service**:

> Phone: **(877) 735-3637** available from Monday through Thursday from 8:00 a.m. to 9:00 p.m., CST, Friday from 8:00 a.m. to 5:00 p.m, CST. For hearing impaired customers please dial **"711"** or **(800) 735-2989.**

> Fax: **(866) 926-5496**

> E-mail: **CustomerService@SeleneFinance.com**

270 Farmington Avenue, Suite 151 •Farmington, Connecticut 06032 • Tel (800) 626-5441 • TDD/TYY Please First Dial 711

If paying by check, do not send a personal check. We recommend sending a bank or certified check. We also recommend putting your loan number on the check (and any cover correspondence) and sending the funds by secure, trackable means, such as U.S.P.S. Express or Priority Mail or a delivery service such as FedEx, UPS, DHL, etc. Send the funds so they will arrive at the mortgage servicer on or before **August 31, 2022**.

**Please make sure to notate your full loan number on your payment, to insure proper credit.** When you send your payoff check, please also either email or fax a copy of this letter along with a copy of your payoff payment to our office to the attention of Rebecca Rollo. Her email is rrollo@bmpc-law.com and her fax number is (860) 409-0626. It is very important that we are timely notified of your payoff.

**The satisfaction of your loan is conditioned upon your paying any fees and expenses that may have been incurred in connection with the above mentioned matter through the date of receipt of funds. Please call on date of payment to confirm whether any additional amounts are due.**

Also enclosed are copies of the original note with all endorsements thereon, a copy of the subject mortgage, any and all assignments of mortgage, and power of attorney appointing Selene Finance as Attorney-in-Fact. These documents serve as validation of the above referenced debt.

Please note that if your validation of debt contains requests for specific documentation section 1692g requires only that we provide the name and address of the original creditor and validate the debt owed; it does not require us to provide any other information or documentation. Plaintiff does not waive any or all rights or objections that it otherwise may or could assert in relation to your requests for documentation if any.

Please consider this letter our client's full and complete response to your request for validation of the alleged debt.

Sincerely,

Rowdy M. Cloud, Esq.
RMC:ame
Bendett & McHugh, P.C.

Enclosures